Eric **BRADSTREET** et al.

v.

Philip S. **CLARKE** et al.

Supreme Judicial Court of Maine.

July 5, 1978.

---

Bennett, Kelly & Zimmerman, P.A., by Peter J. DeTroy, III, Portland (orally), McRae Werth, Robert H. Vaughan, Blue Hill, for plaintiffs.

Drummond, Wescott & Woodsum by Hugh G. E. MacMahon, Portland (orally), for defendants.

Before DUFRESNE, C. J., and POMEROY, WERNICK, ARCHIBALD, DELAHANTY and GODFREY, JJ.

ARCHIBALD, Justice.

The plaintiffs have appealed from a summary judgment entered in favor of the defendants.

We sustain the appeal.

The plaintiffs' complaint contained four counts. Count One of the complaint alleged that plaintiffs, Eric Bradstreet and David Martin, while students at Sumner Memorial High School, were suspended indefinitely from the high school by the principal, defendant Philip S. Clarke, and the Superintendent of School Union No. 96, defendant Frank Joy. It was also alleged that the suspensions were made pursuant to "Regulation Number 6" which governed student conduct as follows:

"6. Possession or use of liquor or drugs of any kind during school or at school activities will not be permitted and will result in mandatory suspensions. Additional major disciplinary actions may also be taken."

It was further stated that "the alleged conduct for which Plaintiffs . . . were suspended, the smoking of marijuana, was committed, if at all, off school grounds and thus not in any manner covered by Regulation 6." The plaintiffs therefore claimed that they were "illegally and improperly deprived of their right to pursue their education by the actions of the Defendants Philip S. Clarke and Frank Joy."

Under Count Two defendants Clarke and Joy were charged with suspending plaintiffs without due process of law in violation of the Fourteenth Amendment and Article I, Section 6–A of the Maine Constitution in that they were not informed of their right to have an attorney, to confront and cross-examine witnesses, and to present witnesses on their behalf. It was further averred that Regulation 6 did not fairly notify them of "standards for extra-school conduct" since it did not govern conduct "outside of school." Finally, it was claimed that the "charges allegedly justifying their suspension were baseless and erroneous."

In Count Three the plaintiffs, joined by their mothers, asserted that the Flanders Bay Community School District School Committee and its members individually, all being joined as parties Defendant, held a hearing on September 29, 1975, at which time it was voted to expel Bradstreet and Martin for the remainder of the 1975–76 school year. It was then alleged that this action was "arbitrary, improper and an abuse of the discretion given to the defendants school committee and members by 20 M.R.S.A. § 473(5)."

Finally, in Count Four it was alleged that the defendants, the school committee and

its members individually, suspended the plaintiffs in violation of due process of law as follows:

"(A) The Defendants did not inform them of their right to be represented by an attorney;

(B) The Defendants did not conduct a fair and open hearing and heard critical evidence outside the hearing of the Plaintiffs in executive session;

(C) The Defendants did not provide the Plaintiffs with opportunity to present witnesses, to testify, and to cross-examine witnesses in person who had produced evidence against them;

(D) Plaintiffs Eric Bradstreet and David Martin were not given fair notice that any off-school conduct was grounds for any disciplinary action;

(E) The acts Plaintiffs Eric Bradstreet and David Martin were accused of had no relationship to proper disciplinary concerns of the Defendants, and

(F) The acts Plaintiffs Eric Bradstreet and David Martin were accused of were totally unsubstantial."

The plaintiffs' prayer for relief requested, inter alia, reinstatement and money damages.

The defendants' answer, filed on November 10, 1975, amounted to a general denial of the allegations of the complaint and also contained the following defenses:

### "First Defense

The Complaint fails to state a claim upon which relief can be granted.

### Second Defense

The defendants are immune from this action.

### Third Defense

This action is moot and should, therefore, be dismissed."

The docket entry for January, 21, 1976, contains the following:

"Motion for Preliminary Hearing and Motion under Rule 26(c) filed."

Neither of the above motions is contained in the record, but the docket entry for March 22, 1976, indicates that such a hearing was held, and the docket entry for March 27, 1976, states:

"Motion to Dismiss treated as Summary Judgment. Motion granted. Counsel to prepare judgment." [1]

On April 22, 1976, a judgment was entered for the defendants, which provided:

"This cause having come on to be heard on motion of defendants for preliminary hearing on the first, second and third defenses in defendants' answer; and the court, with consent of the parties, having treated said motion as a motion by defendants for summary judgment, and having considered the pleadings in this action and the affidavit of Frank G. Joy, it is

ORDERED, that defendants' motion, treated as a motion for summary judgment on the first, second and third defenses in defendants' answer, be and the same hereby is granted, and that judgment be entered herein in defendants' favor dismissing this action."

In accordance with Rule 56(c), M.R.Civ.P., this Court has held that summary judgment is inappropriate in situations where there is a genuine issue as to any material fact. *Hilton v. State,* Me., 348 A.2d 242 (1975); *Statler Industries, Inc. v. Board of Environmental Protection,* Me., 333 A.2d 703 (1975); *Greenlaw v. Rodick,* 158 Me. 440, 185 A.2d 895 (1962); *Beckwith v. Rossi,* 157 Me. 532, 175 A.2d 732 (1961). It bears repeating that the primary purpose of the summary judgment procedure is to

---

1. On March 26, 1976, the affidavit of defendant Frank Joy was filed with the Court. This affidavit revealed that on October 20, 1975, the *Flanders Bay Community School District School Committee* "voted to reconsider its vote of September 29, 1975, expelling the Plaintiffs, Eric Bradstreet and David Martin . . . and voted to change said expulsions to suspensions terminating on October 20, 1975." The affidavit also established that the plaintiff students were reinstated on October 21, 1975, the result being that they missed only fourteen days of school.

pierce the allegations of the pleadings, eliminate any genuine issue of material fact, and demonstrate that the moving party is entitled to judgment as a matter of law. 6 *Moore's Federal Practice*, § 56.11[3] (2d ed. 1948). *See Haskell v. Planning Board of Yarmouth*, Me., 388 A.2d 100 (1978). As provided in Rule 56(b), M.R.Civ.P., the moving party may move with or without supporting affidavits for a summary judgment in his favor.

In the instant case the defendants' motion for summary judgment is supported solely by their answer and the affidavit of Frank Joy. The plaintiffs did not serve opposing affidavits.

■ We hold that a summary judgment was not in order since material factual issues were unresolved on the record before the Justice below. First, the pleadings presented the factual question of what type of conduct the plaintiffs actually engaged in that caused them to be suspended. The plaintiffs allege that they were suspended for smoking marijuana off school grounds. The plaintiffs do not admit, however, that they were in fact smoking marijuana. The defendants' answer denies this allegation. The defendants' supporting affidavit also does not resolve this factual dispute except to admit that the plaintiffs were suspended from school for fourteen days. Second, the pleadings presented a genuine issue as to what occurred at the suspension hearing held on September 29, 1975. For instance, the plaintiffs allege that at this hearing the school committee "heard critical evidence outside the hearing of the Plaintiffs" and did not provide them with an opportunity to testify on their own behalf. Such an alle-

gation, when denied, raises a genuine issue as to a material fact.[2] Third, the pleadings presented a material factual issue as to what findings, if any, were made by the school committee relative to the plaintiffs' alleged conduct. The plaintiffs' complaint alleged that the acts of the school committee and its members pursuant to 20 M.R.S.A. § 473(5) were arbitrary and improper.[3] At the time of the plaintiffs' expulsion, September 29, 1975, 20 M.R.S.A. § 473(5) provided as follows:

"Superintending school committees and school directors shall perform the following duties:

.    .    .    .    .

5. Scholars expelled. Expel any obstinately disobedient and disorderly scholar, after a proper investigation of his behavior, if found necessary for the peace and usefulness of the school; and restore him on satisfactory evidence of his repentance and amendment."

In *Shaw v. Small*, 124 Me. 36, 41, 125 A. 496, 499 (1924), this Court held that before a school committee can invoke this section to expel a student there must be a finding that the student was "obstinately disobedient and disorderly." The affidavit in support of defendants' motion for summary judgment admits that the school committee voted to expel the plaintiffs and then later, on October 20, 1975, voted to change the expulsions to suspensions, but it does not reveal the reasons for the school committee's actions. We therefore conclude that on this record there exists genuine issues as to material facts which preclude a summary judgment.[4]

---

2. In *Goss v. Lopez*, 419 U.S. 565, 581, 95 S.Ct. 729, 740, 42 L.Ed.2d 725 (1975), the Supreme Court held that "students facing temporary suspension have interests qualifying for protection of the Due Process Clause, and due process requires, in connection with a suspension of 10 days or less, that the student be given oral or written notice of the charges against him and, if he denies them, an explanation of the evidence the authorities have and an opportunity to present his side of the story." It should also be noted that in cases involving suspensions exceeding 10 days, as in the instant case, more formal procedures may be required to

insure due process. *Goss, supra* at 584, 95 S.Ct. 729.

3. This section was amended by P.L. 1975, ch. 746, § 10, effective April 12, 1976.

4. Since the student plaintiffs have been reinstated, it is obvious that the prayer for injunctive relief to achieve reinstatement has been mooted. The claim for monetary damages is not resolved, however. From the broad sweep of the ruling appealed from (quoted verbatim *supra*) we have no basis of knowing why the motion was granted. A discussion here of the

The entry is:

Appeal sustained.

Remanded to the Superior Court for further proceedings consistent with this opinion.

DUFRESNE, A. R. J., sat at oral argument and conference as Chief Justice but retired prior to the preparation of the opinion. He has joined the opinion as Active Retired Justice.

relative legal merits of immunity, mootness on the *issue of whether* equitable relief might be available to expunge the school records, or whether a state court action can be premised on an alleged violation of 42 U.S.C. § 1983 would be purely speculative and not consistent with sound appellate practice. *See McNicholas v. York Beach Village Corp.,* Me., 394 A.2d 264 (1978).