**Robert NICHOLS, III, et al.**

v.

**CITY OF EASTPORT, et al.**

Supreme Judicial Court of Maine.

Submitted on Briefs Jan. 4, 1991.

Decided Feb. 6, 1991.

Nathan Dane, Bangor, for plaintiffs.

John A. Churchill, Brown, Tibbetts, Churchill & LaCasse, Calais, for defendants.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD and BRODY, JJ.

GLASSMAN, Justice.

The plaintiffs, Robert Nichols, III, and Nancy H. Nichols, Gilbert F. Murphy and

Alda P. Murphy, and H. Wadsworth Raye and Carolyn B. Raye, owners of real property in the City of Eastport, appeal from a judgment of the Superior Court (Washington County, *Smith, J.*) dismissing as untimely Counts I and II[1] of their complaint against Richard Klyver, North Atlantic Aquaculture, Inc.[2] (Klyver), the City of Eastport (Eastport) and its Code Enforcement Officer (CEO). By their complaint the plaintiffs, pursuant to M.R.Civ.P. 80B, sought an order of the court directing the CEO to revoke the permit to construct a quonset hut issued to Klyver by the Eastport Planning Board (Board) until such time as Klyver obtained a special exception permit from the Eastport Board of Appeals (EBA) and to direct the CEO to commence appropriate proceedings to enforce alleged setback requirements for such building. We affirm the judgment.

The parties stipulated to the following: Richard Klyver is president of North Atlantic Aquaculture, Inc. On July 29, 1988, Klyver filed an application with the CEO for a building permit to construct a quonset hut for business storage-office at 1 High Street, Eastport, which is located within the Shoreland General Development (SGD) District as designated by the Eastport Zoning Ordinance (Ordinance). The plaintiffs represent over 10% of the owners of property within 200 feet of 1 High Street. Klyver did not apply to the EBA for a special exception permit. Without notice to the plaintiffs the Board approved the application on August 10, 1988 and construction was completed by April 4, 1989. The building had a setback of less than 30 feet from High Street. On June 19 and July 10, 1989, the plaintiffs wrote to the CEO claiming the procedure for issuance of a permit to Klyver had not been followed and requesting the CEO to revoke the permit. This request was forwarded by the CEO to the Board for its consideration and discussed at its November 1989 meeting. At some time in November or early December 1989, the plaintiffs were advised that the Board would take no action on the matter. The CEO never responded to the plaintiffs' request and has not communicated with the plaintiffs since November 1989.

■ On February 5, 1990, the plaintiffs filed their complaint in the present action. After a hearing, the court granted the motion to dismiss the complaint on the ground that it was not filed within the time limit set forth in M.R.Civ.P. 80B(b), and the plaintiffs appeal. The thrust of Count I of the plaintiffs' complaint is that only the EBA had the authority under the Ordinance to issue a building permit to Klyver and that the permit issued by the Board should be revoked. Article VII, Section VII.3 of the Ordinance provides that once a building permit application has been filed the CEO shall approve, deny, or refer it to the EBA and/or Board within seven business days and that a copy of the written decision of the CEO shall be kept in his office. Article V of the Ordinance specifically provides that a permit from the Board is required for a commercial structure in the SGD District of Eastport. Pursuant to Article V, the CEO properly referred Klyver's application to construct a commercial building at 1 High Street to the Board. Because the Board was the proper body to issue the building permit, it follows that the request for revocation of that permit should be presented to the Board. Accordingly, the plaintiffs' request that the CEO revoke the permit was properly referred to the Board by the CEO.

■ The stipulation of the parties states that the Board discussed the plaintiffs' re-

---

1. By the judgment of the Superior Court, Count III of the plaintiffs' complaint was also dismissed on the ground that the complaint was untimely. The plaintiffs do not challenge the dismissal of that count.

2. The building permit of which the plaintiffs complain was initially approved on application of Richard Klyver. Sometime later a second application for a building permit was filed and a permit issued for the same structure in the name of North Atlantic Aquaculture, Inc. It appears the second application was processed simply to correct the name of the applicant on the permit. Plaintiffs make no contention that the issuance of the permit in the name of North Atlantic Aquaculture, Inc. has any significance in this case. For ease of identification, we refer to both of these defendants as "Klyver."

quest at its November 1989 meeting and that plaintiffs were advised "in late November or early December" that the Board had refused the plaintiffs' request. The plaintiffs did not file the instant complaint until February 5, 1990, more than 30 days after the notice of the Board's refusal to grant the plaintiffs' request to revoke the permit issued to Klyver. There is nothing in this record to suggest that the plaintiffs requested reconsideration by the Board or sought from the court an enlargement of time in accordance with M.R.Civ.P. 6(b) to toll the 30–day limit provided in Rule 80B(b) within which to seek a judicial review of the Board's denial. The court properly dismissed Count I of the plaintiffs' complaint on the ground that it was untimely. *See Caron v. City of Auburn,* 567 A.2d 66, 67 (Me.1989).

In the second count of their complaint the plaintiffs contend that the building erected by Klyver is in violation of the setback requirement of the Ordinance, and although the plaintiffs have advised the CEO of this violation, he refuses to enforce the Ordinance. Article VII, Section VII.1 of the Ordinance provides that "this Ordinance shall be administered and enforced by the Code Enforcement Officer." Article VIII, Section VIII.2d of the Ordinance provides that a person aggrieved by a decision of the CEO shall within 30 days commence an appeal to the EBA. Section VIII.3 provides that appeals from the EBA to the Superior Court shall be made within 30 days after the decision of the EBA. Although we affirm the decision of the Superior Court to dismiss this count of the plaintiffs' complaint, we do so on the ground that the plaintiffs failed to exhaust the administrative remedy provided by the Ordinance prior to filing their complaint in the Superior Court. *See Cushing v. Smith,* 457 A.2d 816, 819–21 (Me.1983).

The entry is:

Judgment affirmed.

All concurring.