STATE OF MAINE                                    SUPERIOR COURT
CUMBERLAND, ss.                                   CIVIL ACTION
                                                  DOCKET NO.CV-01-095
BARBARA SODERSTROM                                REC-CUM- 7/18/
                                                  

              Plaintiff

                                                  ORDER ON
      v.                                          DEFENDANT'S
                                                  MOTION TO DISMISS
MAINE SCHOOL ADMINISTRATIVE
DISTRICT NO. 61,

              Defendant


      Defendant Maine School Administrative District No. 61 ("MSAD 61") seeks

dismissal of Plaintiff Barbara Soderstrom's complaint because it was not filed within

the 30-day period set forth in Rule 80B. Because the Court finds the existence of

excusable neglect, the Defendant's motion to dismiss is denied.

## FACTUAL BACKGROUND

      On December 12, 2000, Barbara Soderstrom's daughter Tracy, a ninth grader at

Lake Region High School in MSAD 61, asked several classmates for aspirin or

Tylenol because she suffered from a sore throat. Tracy ingested the two pills she was

given, believing them to be aspirin or Tylenol. She was informed by other students

that the pills she was given might have been Ritalin. Later in the day, assistant

principal Guy Stickney brought Tracy into his office to ask her questions. Tracy

admitted that she had taken two small pills and that although she had thought they

were Tylenol, students informed her that the pills might have been Ritalin. Mr.

Stickney then wrote out a statement in long hand which Tracy signed. She alleges

that she was unable to read his writing but signed the document because Mr.

Stickney was very intimidating. At the school's request, Tracy's stepfather picked her up and brought her home. Mr. Stickney called later that afternoon to tell Tracy she was suspended for 5 days for breaking school policy.

The 5-day suspension was extended by Superintendent Candace Brown to ten school days pursuant to a letter dated December 15, 2000. This letter stated that Tracy had been suspended for "use of a substance in violation of a school board policy" and that the School Board would consider whether Tracy should be expelled at its January 8, 2001 meeting. Tracy, Barbara and Tracy's sister attended the January 8, 2001 meeting in which Mr. Stickney recommended Tracy's expulsion from school. The Board subsequently voted to expel Tracy from school. Tracy and her mother were informed of the Board's decision by letter dated January 9, 2001.

The Plaintiff's first complaint was filed in the Superior Court on February 1, 2001 and removed by the Defendant to federal court on that same date. That complaint was dismissed without prejudice on February 9, 2001 so the Plaintiff could refile her state claims in state court. The Plaintiff then filed this complaint on February 22, 2001, alleging that the School Board's decision to expel Tracy was made without legal authority, was "arbitrary, capricious, legally erroneous, and unsupported by competent evidence" and was in violation of Maine's expulsion statute, 20-A M.R.S.A. § 1001(9) (Count I) and that the School Board violated Tracy's right to procedural due process (Count II).

## DISCUSSION

The Defendant argues that the Plaintiff's complaint may only be brought

2

pursuant to Rule 80B of the Maine Rules of Civil Procedure. In pertinent part, that rule provides:

> When review by the Superior Court, whether by appeal or otherwise, of any action or failure or refusal to act by a governmental agency, including any department, board, commission, or officer, is provided by statute or is otherwise available by law, proceedings for such review shall . . . be governed by these Rules of Civil Procedure as modified by this rule.

M.R. Civ. P. 80B(a). Because there is no statutory right of appeal from a school board's decision to expel a student, the Plaintiff's complaint must be seeking review "otherwise available by law" to fall within the rubric of Rule 80B.

For review pursuant to Rule 80B to be "otherwise available by law" it must be similar to the review formerly available under the common law extraordinary writs, such as certiorari, mandamus or prohibition. Lyons v. Bd. of Dir. of Sch. Admin. Dist. No. 43, 503 A.2d 233, 236 (Me. 1986). The Plaintiff argues that a determination that the Board acted without legal authority was not formerly available under the common law writs. The Law Court has held that school board rulings are quasi-judicial in nature and therefore review is "otherwise available by law" within the meaning of Rule 80B, however. Id. (noting that judicial or quasi-judicial acts were reviewable by writ of certiorari). The necessary predicate to the Plaintiff's allegation that the Board acted without legal authority is that the Board took some form of action. The Plaintiff is therefore bound by the requirements imposed by Rule 80B.

The Plaintiff relies upon Bradstreet v. Clarke, 394 A.2d 270 (Me. 1978), for the

proposition that a complaint challenging a school board's determination of expulsion need not be filed pursuant to Rule 80B. In Bradstreet, two high school students were suspended from school for smoking marijuana in violation of a school regulation. Id. at 271. The students' complaint alleged that the school board's action expelling them was "arbitrary, improper and an abuse of discretion" and violated certain constitutional rights. Id. Although the Law Court makes no mention of Rule 80B in determining that summary judgment in favor of the defendants was improper, because the complaint was filed after the effective date of Rule 80B and the plaintiffs were seeking review of governmental action, the logical assumption is that the complaint was filed pursuant to Rule 80B.

The Plaintiff argues that the Court should find excusable neglect and enlarge the time for filing pursuant to M.R. Civ. P. 6(b) because the Defendant had actual notice of the Plaintiff's claims through the filing of the first complaint within 30 days of its decision to expel and because the Plaintiff reasonably relied upon Bradstreet for the proposition that she could bring an independent claim.

Rule 6(b) permits this Court to enlarge the time for filing an 80B complaint after the expiration of the 30-day period only if the Plaintiff's failure to file was the result of excusable neglect. See Gregory v. City of Calais, 2001 ME 82, ¶ 6, 771 A.2d 383, 386; Nichols v. City of Eastport, 585 A.2d 827, 829 (Me. 1991). Although the standard for excusable neglect is strict and can only be met when extraordinary circumstances exist that work an injustice, the court does have some discretion in the enforcement of procedural rules. Gregory, 2001 ME 82, ¶ 7, 771 A.2d at 386.

4

The Plaintiff's good faith interpretation of and reliance upon <u>Bradstreet</u> that her cause of action need not conform to the requirements of Rule 80B rises to the level of excusable neglect. The Defendant has not suffered any harm or prejudice from the late filing as only 11 days elapsed between the expiration of the 30-day period and the filing of this complaint. Further, the Plaintiff's first complaint, filed within the prescribed time period, was dismissed without prejudice by the federal court so that the Plaintiff could refile her state law claims in this Court. The Defendant therefore had actual knowledge of the claims asserted against it.

The entry is

Defendant's motion to dismiss is DENIED.

Dated at Portland, Maine this 17th day of July, 2001.

Robert E. Crowley
Justice, Superior Court

Date Filed __02-22-01__ __Cumberland__ Docket No. __CV-01-95__
County

Action __Constitutional/Civil Rights__

Barbara Soderstrom, as parent
and next friend of Tracy R. Jannicelli

Maine School Administrative
District No. 61

vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Richard L. O'Meara, Esq.<br>P.O. Box 9785<br>Portland, Maine 04104 | Melissa Hewey Esq.<br>PO BOX 9781<br>Portland ME 04104 |

| Date of Entry | |
|---|---|
| Feb. 22 | Received 02-22-01<br>Summary Sheet Filed.<br>Complaint with Exhibit's A - E Filed.<br>Plaintiff's Motion for Preliminary Injunction with<br>Incorporated Memorandum of Law Filed.<br>Affidavit of Barbara Soderstrom Filed.<br>Affidavit of Tracy Jannicelli Filed. |
| "    " | |
| "    " | Proposed Order Granting Plaintiff's Motion for<br>Preliminary Injunction Filed. |
| Feb. 26 | Received 02/26/02:<br>Plaintiff's Request for Hearing on Motion for Preliminary Injunction<br>filed. |
| Feb. 27 | Received 02-27-01:<br>Acknowledgment filed showing Acceptance of Service on February 23, 2001<br>Defendant, Maine School Administrative District No. 61 to Melissa A. Hewe<br>Esq. |
| "    " | Original Summons for Defendant, Maine School Administrative, District No<br>filed (Unsigned). |
| Feb. 28 | On 2-27-01.<br>Scheduling Conference held on Plaintiff's Motion for A Preliminary<br>Injunction, defendant to file response in writing by 3-6-01 at 4:30 p.m.<br>Court will review filings and determine scope and timing of hearing on<br>preliminary injunction. (Crowley, J.)<br>Crowley, J. Presiding. No Recording. |
| Mar. 7 | Received 3-7-01.<br>Defendants' memorandum in oppostion to motion for preliminary injunction<br>filed. (with exhibits A-C, bound separately in file) |
| "" | Defendant's answer filed. |
| "" | Defendant's motion to dismiss complaint with incorporated memorandum of l<br>filed. |
| '" | Proposed Order filed. |
| "" | Defendant's request for hearing filed. |