**CENTRAL MAINE POWER COMPANY**

v.

**PUBLIC UTILITIES COMMISSION**
**et al.**

Supreme Judicial Court of Maine.

Nov. 30, 1979.

Pierce, Atwood, Scribner, Allen, Smith & Lancaster by Gerald M. Amero (orally), John S. Upton, Portland, for plaintiff.

Cushing W. Pagon (orally), Horace S. Libby, Augusta, for Public Utilities Commission.

Verrill & Dana by Roger A. Putnam (orally), Portland, for Scott Paper Co.

Frank E. Southard, Jr., Augusta, for Keyes Fibre Co.

Before POMEROY, WERNICK, ARCHIBALD, GODFREY, NICHOLS and GLASSMAN, JJ.

PER CURIAM.

This cause came forward for hearing upon the motions of Central Maine Power Company and the Public Utilities Commission to dismiss the respective appeals of Scott Paper Company and Keyes Fibre Company, Intervenors, from the Commission's Supplemental Order No. 4 upon the ground that that order is not a *"final decision of the commission"* within the meaning of 35 M.R.S.A. § 303.

We deny the motions to dismiss.

When this cause was previously before us on appeal, the focus was upon the revenue level to be allowed Central Maine Power Company, and not upon rate design. We concluded that the Public Utilities Commission erred when it disallowed certain revenue to that Company, and we remanded this cause to the Commission for further proceedings consistent therewith. *Central Maine Power Company v. Public Utilities Commission et al.*, Me., 405 A.2d 153 (1979).

Three industrial customers, St. Regis Paper Company, Keyes Fibre Company and Scott Paper Company, were among the parties which had intervened in the original proceeding before the Commission, but of the three only St. Regis was a party to the earlier appeal.

Pursuant to our mandate in August, the Commission by its Supplemental Order No. 4 on August 22, 1979, approved without a hearing new rates for Central Maine Power Company customers, designed to provide the additional revenue authorized for that Company. The Commission noted in its order:

> We do not, however, take lightly the requests for hearing on the allocation issue raised by St. Regis, Keyes and Scott. Therefore, we will keep Docket F. C. # 2332 open and will plan to hold hearings as soon as the Commission Staff can prepare its affirmative case on the allocation issue.

From Supplemental Order No. 4, St. Regis, Keyes and Scott have appealed to this Court. The Movants assert that the appeals of Keyes and Scott should be dismissed because (a) Supplemental Order No. 4 is not a *"final decision of the commission"* within the contemplation of our statute, but rather a ministerial act, implementing our

mandate in the prior appeal, and (b) these two Intervenors were not parties to that prior appeal.

A final decision, we have declared, is one which fully decides and disposes of the whole cause, leaving no further questions for the future consideration and judgment of the court. *Mechanic Falls Water Co. v. Public Utilities Commission*, Me., 381 A.2d 1080, 1087 (1977). Here we must determine if a particular order by the Commission meets that standard.

Significantly, when in August we decided the prior appeal in this proceeding, the issue of rate design was expressly left open. That issue is central to the appeals which the three Intervenors are now undertaking. It is not an issue which in August was decided against them—nor even against the one of them who pursued an appeal at that time.

Significantly, too, by Supplemental Order No. 4, Central Maine's customers were ordered to commence paying at once at the new rates therein approved. In view of this immediate impact upon the ratepayers, the Commission cannot deprive the order of its finality by declaring that it will keep the docket *"open"* and will hold hearings when its staff is prepared for them.

It may not be possible to announce a general rule as to whether every supplemental order is a *"final decision"* from which an appeal may be taken to this Court. Each case must be decided on its own facts. On the record before us in this case, however, Supplemental Order No. 4 was such a *"final decision"* because it required the class of ratepayers to which these Intervenors belong to begin at once to pay for their electricity at a higher rate. Only when this order was entered did the Commission *"finally"* decide this matter of rate design.

It would be anomalous, indeed, to treat Supplemental Order No. 4 as a *"final decision"* solely for purposes of an appeal by St. Regis simply because St. Regis pursued an appeal from an earlier order by the Commission.

We conclude that Keyes and Scott are Intervenors entitled to be heard on their appeals to this Court.

So Ordered.