**OPINION OF THE JUSTICES of the Supreme Judicial Court Given Under the Provisions of Section 3 of Article VI of the Constitution.**

Supreme Judicial Court of Maine.

Questions Propounded by the House in an Order Dated Sept. 11, 1984.

Answered Nov. 5, 1984.

---

HOUSE ORDER PROPOUNDING QUESTIONS TO THE SUPREME JUDICIAL COURT

**Whereas,** it appears to the House of Representatives of the 111th Legislature that the following are important questions of law and that the occasion is a solemn one; and

**Whereas,** the Constitution of Maine, Article VI, Section 3 provides for the Justices of the Supreme Judicial Court to render their opinion on these questions; and

**Whereas,** the Legislature, at the Second Regular Session enacted Legislative Document No. 992 "AN ACT to Establish a Right of Action for Wrongful Imprisonment" and on May 7, 1984, presented it to the Governor for approval pursuant to the

Constitution of Maine, Article IV, Part 3, Section 2; and

**Whereas**, the Legislature then adjourned on April 25, 1984, and at the time of adjournment the Governor had not acted on that Legislation; and

**Whereas**, on September 4, 1984 the Legislature convened in Special Session; and

**Whereas**, on September 7, 1984, the Governor returned that bill (L.D.992) to the House of Representatives, its House of origin, together with his objections; and

**Whereas**, the Constitution of Maine, Article IV, Part 3, Section 2 provides as follows:

"If the bill or resolution shall not be returned by the Governor within ten days (Sundays excepted) after it shall have been presented to him, it shall have the same force and effect as if he had signed it unless the Legislature by their adjournment prevent its return, in which case it shall have such force and effect, unless returned within three days after the next meeting of the same Legislature which enacted the bill or resolution, if there is no such next meeting of the Legislature which enacted the bill or resolution, the bill or resolution shall not be a law."; and

**Whereas**, in an opinion of the Justices, 437 A.2d 597, 604 (Me.1981) the Justices answered:

"We are of opinion, however that Article IV, Part 3, Section 2 requires that the same Legislature must be continuously in session for three days before the period in which the Governor may act on the pending bill expires;" and

**Whereas**, on September 7, 1984, the Legislature had been in session for 4 calendar days since its convening; and

**Whereas**, the House of Representatives is presently in doubt as to whether the Governor's objections to Legislative Document No. 992 are properly before it; and

**Whereas**, it is important that the Legislature be informed as to whether that Legislative Document has become law or is properly before the Legislature for its consideration of the Governor's objections; and

**Whereas**, it is important that the Legislature be informed as to the answers to the important and serious questions hereinafter raised; now, therefore, be it

**Ordered**, that the Justices of the Supreme Judicial Court are hereby respectfully requested to give to the House of Representatives, according to the provisions of the Constitution of Maine on its behalf, their opinion on the following questions; to wit:

Question No. 1: Did Legislative Document No. 992 properly become law on September 6, 1984 at 11:59 p.m., as it had not been returned by the Governor to the Legislature by the end of the 3rd calendar day of the special session, as provided under the Constitution of Maine, Article IV, Part 3, Section 2?

Question No. 2: Are the Governor's objections to Legislative Document No. 992 properly before the House of Representatives for its consideration?

(Rep. J. Martin)
SPONSORED BY: _____

TOWN: Eagle Lake

## ANSWER OF THE JUSTICES

To the Honorable House of Representatives of the State of Maine:

In compliance with the provisions of section 3 of article VI of the Constitution of Maine, we, the undersigned Justices of the Supreme Judicial Court, have the honor to submit the following response to the questions propounded on September 11, 1984.

QUESTION NO. 1: Did Legislative Document No. 992 properly become law on September 6, 1984 at 11:59 p.m., as it had not been returned by the Governor to the Legislature by the end of the 3rd calendar day of the special session, as provid-

ed under the Constitution of Maine, Article IV, Part 3, Section 2?

QUESTION NO. 2: Are the Governor's objections to Legislative Document No. 992 properly before the House of Representatives for its consideration?

We understand both questions as generating the same issue: namely, whether the Governor's veto message was presented to the House of Representatives in a timely manner and whether it was properly before that body for its consideration. Because it is our opinion that the first day of a meeting of the Legislature is excluded from the computation of the three days provided by Me.Const., art. IV, pt. 3, § 2, we answer the question, as restated, in the affirmative.

The constitution provides in relevant part that when the Governor is not afforded the usual ten days to return a bill to the Legislature, due to legislative adjournment, the bill shall become law "unless returned within *three days after the next meeting of the same Legislature* which enacted the bill ...." Me. Const., art. IV, pt. 3, § 2 (emphasis added). We have not previously addressed the computation of time under this particular provision of the constitution.[1] The language of the constitution clearly identifies the "next meeting" of the Legislature as the stated event triggering the time limit and provides that the Governor shall have three days *after* that event to return a bill which has previously been enacted. In *Opinion of the Justices*, 116 Me. 557, 587, 103 A. 761, 774 (1917), it was concluded that language suspending the effect of a legislative act did not include the day of the stated event. The computation of time involved in that instance arose from the provision that "[n]o act ... shall take effect until *ninety days after the recess of the legislature* passing it ...." Me. Const., art. IV, pt. 3, § 16 (emphasis added). The Justices ad-

vised that the ninety day period commenced on the first day following the recess of the Legislature.

The 1917 Opinion of the Justices is in accord with the general rule that in computing time, the day of the stated event triggering the time period is excluded from the computation. *See* 1 M.R.S.A. § 71(12) (1979); M.R.Civ.P. 6(a); and M.R.Crim.P. 45(a). Although modern rules of statutory construction and procedure do not control the construction of the constitution, such rules may be utilized as a source of significant guidance. Reliance on the general rule in this instance is strengthened by the language of the constitution itself, and by an early decision of this court announcing a similar rule at common law in this state. *See Windsor v. China*, 4 Me. 298 (1826).

We are unable to find any suggestion in the legislative history that a contrary rule should apply. Consideration of the apparent purpose of the constitutional provision does not lead to a different result. We are compelled to conclude that the framers of the constitution intended that the Governor would have three full days "after the next meeting of the same Legislature" to return a bill. Because the first day of the meeting of the Legislature triggers the applicable time period, that day is excluded from the computation.

DAVID G. ROBERTS
ELMER H. VIOLETTE
DANIEL E. WATHEN
LOUIS SCOLNIK
Associate Justices

To the Honorable House of Representatives of the State of Maine:

The Maine Constitution empowers us to render advisory opinions only "upon solemn occasions." Art. VI, § 3. Historically, the Justices have refrained from giving opinions in situations that were too hypothetical to have achieved the "live gravity"

---

[1]. In *Opinion of the Justices*, 437 A.2d 597, 604 (Me.1981), we stated that the Legislature must be continuously in session for three days before the period in which the Governor may act on the pending bill expires. Only a one day session was involved in that instance, however, and our attention was not directed to the issue involved in computing the actual time period.

necessary for the existence of a "solemn occasion." *Opinion of the Justices*, 339 A.2d 483, 491 (Me.1975). In our view, this is such a case. On September 11, 1984, after propounding these questions, the House of Representatives adjourned *sine die*. The House is without power by itself to call itself back into session. The contingency is extremely remote that the House that propounded these questions could take any action upon the basis of such advice as the Justices might give. *Opinion of the Justices*, 281 A.2d 321, 324 (Me.1971).

We, the undersigned Justices, therefore, respectfully decline to give opinions upon the questions propounded by the House of Representatives on September 11, 1984.

> VINCENT L. McKUSICK
> Chief Justice
> DAVID A. NICHOLS
> CAROLINE D. GLASS-
> MAN
> Associate Justices