## CASCO BAY ISLAND TRANSIT DISTRICT

v.

## PUBLIC UTILITIES COMMISSION.

Supreme Judicial Court of Maine.

Argued June 9, 1987.
Decided July 7, 1987.

David P. Silk, John C. Lightbody (orally), Murray, Plumb & Murray, Portland, for appellant.

Joseph G. Donahue, Mitchell M. Tannenbaum (orally), Public Utilities Com'n, Augusta, for appellee.

Before McKUSICK, C.J., and NICHOLS, GLASSMAN, SCOLNIK and CLIFFORD, JJ.

CLIFFORD, Justice.

Casco Bay Island Transit District (CBITD), a quasi-municipal entity providing ferry service between Portland and Long Island, appeals pursuant to 35 M.R.S.A. § 303(1) (Pamph.1986) from a decision of the Public Utilities Commission refusing to undertake a formal investigation at CBITD's request on the ground that it lacked jurisdiction to do so. We grant the Commission's motion to dismiss for CBITD's failure to file a timely notice of appeal.

On June 30, 1986, CBITD sent a letter to the Commission alleging that on June 25 the vessel *Indian II* had carried passengers for compensation round trip from Portland to Long Island in Casco Bay with a stop for a few hours on Long Island for a lobster bake. CBITD also alleged that on the return trip the *Indian II* solicited and carried additional passengers who had been waiting for CBITD's next scheduled trip from Long Island to Portland. CBITD further alleged that the *Indian II* was at the time operating without a permit of public convenience and necessity and that such a permit is required by law.[1] CBITD concluded by requesting the Commission to undertake a formal investigation[2] of the activity of *Indian II* on June 25.

After conducting a summary investigation involving telephone calls and an exchange of letters, on September 30 the Commission mailed a letter to CBITD refusing to undertake a formal investigation. Relying on an advisory letter on a separate

---

1. CBITD relied on "An Act Relating to Transportation to Islands in Casco Bay," P. & S.L.1963, ch. 174 (repealing and replacing P. & S.L.1885, ch. 495, § 10), which reads in relevant part:

 No person, firm, corporation or other transportation company shall undertake ... to transport passengers or property by vessel ... for compensation, between the mainland of Cumberland County and ... Long Island ... without obtaining a permit of public convenience and necessity from the Public Utilities Commission authorizing such transportation.

2. 35 M.R.S.A. § 296 (1978) provides in relevant part:

 Whenever the commission believes ... that an investigation of any matter relating to any public utility should for any reason be made, it may, on its own motion, summarily investigate the same with or without notice. If after making such summary investigation the commission becomes satisfied that sufficient grounds exist to warrant a formal public hearing being ordered as to matters so investigated, it shall furnish such public utility ... a written statement giving notice of the matter under investigation. Seven days after such notice has been given, the commission may proceed to set a time and place for a formal public hearing. ...

matter issued a month earlier, the Commission concluded that it did not have jurisdiction over recreational and tourist-related excursions involving a round trip with an island stop in Casco Bay. CBITD received the Commission's letter refusing to undertake a formal investigation on October 3.

On October 31, 28 days after receiving notice of the Commission's decision and 31 days after it was sent, CBITD filed a notice of appeal to the Law Court. Because the October 31 filing exceeded by one day the 30–day appeal period mandated by 35 M.R.S.A. § 303(1) and M.R.Civ.P. 73(a) & (b), CBITD moved the Commission on November 18 for an extension of time on the ground of excusable neglect. Finding no excusable neglect, the Commission, on December 2, denied CBITD's motion for an enlargement of time. CBITD has appealed to this court contending (1) that the 30–day period for taking an appeal began to run on October 3 when CBITD actually received the September 30 letter, and alternatively, (2) that even if the issuance of the September 30 letter marks the inception of the 30–day period, the Commission abused its discretion in denying an extension of time. The Commission has moved to dismiss CBITD's appeal on the ground that it was untimely filed.

■ Title 35 M.R.S.A. § 303(1) provides that "[a]n appeal from a final decision of the commission may be taken to the Law Court on questions of law in the same manner as an appeal from a judgment of the Superior Court in a civil action." The first issue is whether the September 30 letter was a "final decision" permitting this court to review the Commission's action. "A final decision is one which 'fully decides and disposes of the whole cause leaving no further questions for the future consideration and judgment of the Court.'" *Mechanic Falls Water Co. v. Public Utilities Comm'n*, 381 A.2d 1080, 1087 (Me.1977) (quoting *Hazzard v. Westview Golf Club, Inc.*, 217 A.2d 217, 222 (Me.1966)); *see also Central Maine Power Co. v. Public Utilities Comm'n*, 408 A.2d 681, 683 (Me.1979)

(per curiam); *New England Tel. & Tel. Co. v. Public Utilities Comm'n*, 354 A.2d 753, 765 (Me.1976). We are satisfied that the Commission's September 30 letter is the functional equivalent of a dismissal for lack of subject matter jurisdiction and is therefore a "final decision" of the Commission in the same manner as a dismissal by a court pursuant to M.R.Civ.P. 12(b)(1).

■ We agree with the Commission that its issuance of the September 30 letter was the event triggering the 30–day period for filing a notice of appeal. It is clear that section 303(1) incorporates by reference 14 M.R.S.A. § 1851 (1980) and M.R.Civ.P. 73, which together provide for a 30–day appeal period from "the entry of the judgment appealed from." *See Central Maine Power Co. v. Public Utilities Comm'n*, 382 A.2d 302, 311 n. 5 (Me.1978); *see also Maine Water Co. v. Public Utilities Comm'n*, 388 A.2d 493, 494 (Me.1978); *Mechanic Falls Water Co.*, 381 A.2d at 1086–87. Since section 303(1) incorporates the procedure governing appeals from the Superior Court, the effective date of the "issuance" or "filing" of an order by the Commission constitutes date of "entry of judgment" although there is not necessarily an entry on the docket as in a civil action. *See Maine Water Co.*, 388 A.2d at 494; *Central Maine Power Co.*, 382 A.2d at 311; *Mechanic Falls Water Co.*, 381 A.2d at 1087. *Compare Davis v. Bruk*, 411 A.2d 660, 662–63 (Me.1980); M.R.Civ.P. 58 & 79(a).

We do not agree with CBITD's contention that, absent a prescribed date, the Commission's decisions are effective only when CBITD had actual notice. CBITD cites *S.D. Warren Co. v. Maine Central R.R.*, 126 Me. 23, 135 A. 526 (1926), in which this court held that in the absence of a prescribed date, an order becomes effective on signing and service on the utility. The *S.D. Warren Co.* case antedates the extensive formalization of appellate procedure concerning the Commission's final decisions and therefore is no longer applicable. Aside from rate cases, which typically

have prescribed effective dates, the Commission's decisions are effective on issuance. *Compare Bruk*, 411 A.2d at 662–63. In conclusion, CBITD's notice of appeal, filed 31 days after issuance of the September 30 letter, was untimely filed and appellate consideration is barred absent a showing of excusable neglect. *See generally Mechanic Falls Water Co.*, 381 A.2d at 1085–88.

 In a civil case, a finding of no excusable neglect constitutes an abuse of discretion only in rare instances where extraordinary circumstances would work an injustice. *Lane v. Williams*, 521 A.2d 706, 707 (Me.1987); *Eaton v. LaFlamme*, 501 A.2d 428, 429 (Me.1985). We apply this standard in evaluating the Commission's denial of a motion to extend time for filing an appeal as in appeals in civil actions from the Superior Court. *See* 35 M.R.S.A. § 303(1); M.R. Civ.P. 73(a).

As it did before the Commission, CBITD advances two grounds in support of its showing of excusable neglect. First, CBITD contends that it was unsure whether relief from the Commission's handling of CBITD's request should be sought in the Superior Court in an action pursuant to the Maine Administrative Procedures Act, 5 M.R.S.A. § 11001 (1979 & Pamph.1986), or in a section 303 appeal to the Law Court. Second, CBITD contends that the Commission failed to abide by its own regulations by omitting to accompany its September 30 letter with a notice that CBITD had 30 days in which to seek an appeal.

We think that neither uncertainty about the proper forum for bringing an appeal nor lack of express notice of the 30–day period for taking an appeal constituted excusable neglect. CBITD's confusion was largely owing to questions of law rather than extraordinary circumstances justifying a finding of excusable neglect. The Commission was well within its discretion in denying CBITD's motion to extend the time for filing. *See, e.g., Eaton*, 501 A.2d at 429–30; *Young v. Sturdy Furniture Co.*, 441 A.2d 320, 321–22 (Me.1982).

The entry is:

Appeal dismissed.

All concurring.