2001 ME 82

**Robert GREGORY**

v.

**CITY OF CALAIS.**

**No. Was–00–433.**

Supreme Judicial Court of Maine.

Submitted on briefs Feb. 28, 2001.

Decided May 17, 2001.

Judith W. Thornton, Ebitz & Thornton, P.A., Brewer, for plaintiff.

Daniel L. Lacasse, Calais, for defendant.

Panel: WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, SAUFLEY, ALEXANDER, and CALKINS, JJ.

CLIFFORD, J.

[¶ 1] The City of Calais appeals from a judgment entered in Superior Court (Washington County, *Mead, C.J.*) awarding attorney fees to Robert Gregory following a trial on Gregory's case involving age discrimination. The City contends that because Gregory's motion for an award of attorney fees was not filed on

time, and Gregory failed to demonstrate that the late filing of the motion was due to excusable neglect, the court improperly extended the time to file the application. Accordingly, the City challenges the entire attorney fee award. We are unpersuaded by the City's contentions and affirm the judgment.

[¶ 2] Gregory filed suit against the City of Calais, alleging that the City discriminated against him in employment based on his age, under both the Age Discrimination In Employment Act, 29 U.S.C.A. §§ 621–634 (1985 & West Supp.1997), and the Fair Employment subchapter of the Maine Human Rights Act, 5 M.R.S.A. §§ 4571–4575 (1989 & Pamph.2000). The court found in favor of the City on the state law claim, and a jury found for Gregory on the federal claim.[1] The City's appeal to this Court, taken in October of 1999, was subsequently dismissed by agreement of the parties on January 28, 2000, and remanded to the Superior Court specifically for the purpose of determining the amount of attorney fees to be awarded to Gregory.[2]

[¶ 3] On March 13, 2000, Gregory's attorney filed a motion for an award of attorney fees, along with affidavits. Because the rules required Gregory to file the motion by February 29, 2000, see M.R. Civ. P. 54(b)(3),[3] the City moved that the request be denied because it was untimely filed. Gregory then moved, pursuant to M.R. Civ. P. 6(b),[4] for an enlargement of time in which to file an application for attorney fees, asserting that the late filing resulted from excusable neglect.

[¶ 4] At the hearing on attorney fees, Gregory's attorney testified that her office had a double tracking system in place (computer and paper) to calendar litigation material and to record when material must be filed with a court. She further stated that she did not realize until March 10, 2000, that the motion to request attorney fees might not have been filed because a previously reliable and trustworthy paralegal was ill and unable to function in that capacity.[5] The request for an award of attorney fees was filed three days later, and Gregory's request for the extension of

1. The federal claim was tried before a jury simultaneously with the state law cause of action that was heard by the Superior Court acting as the fact finder. Judgment for Gregory was entered in the amount of $33,878. The amount of attorney fees was not determined until the case was remanded from the Law Court.

2. The Agreed Notice of Dismissal, signed by both attorneys, reads in part: "[B]y agreement" both parties agree to "dismiss this appeal, and request that the file be remanded to the Superior Court for a determination of attorney[ ] fees."

3. A party may apply for the award of attorney fees no later than thirty days after final disposition of the action if an appeal has been filed. M.R. Civ. P. 54(b)(3). The time was measured from the date of the remand.

4. When a party is required to act within a specific time, Rule 6(b) provides that

the court for cause shown may at any time in its discretion ... (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect ... [I]t may not extend the time for taking any action under Rules 50(b), 52(b), 59(b), (d), and (e), and 73(a).... 

M.R. Civ. P. 6(b).

5. The attorney further testified that:

We have a small office where we have a lot of litigation and we have to rely on trustworthy employees to do a lot of the calendaring. I think it was reasonable to rely on her. And soon after this [it] was discovered that she was at least temporarily not able to do the work. [Then] she was no longer working there.

The person referred to was responsible for calendaring tasks in the office. Her office noticed that this staffer was not performing as normal in February due to incidents that began to distract her in mid-January.

time based on excusable neglect followed thereafter.

[¶ 5] The court noted that the time for Gregory's request for attorney fees had passed by only a matter of days, found excusable neglect on the part of Gregory's attorney and granted Gregory twenty days to file an updated request. On July 15, 2000, the court awarded attorney fees to Gregory. This appeal followed.

[¶ 6] Rule 6(b) authorizes courts to enlarge the time within which an act is required or allowed to be done, including the time to apply for an award of attorney fees.[6] *Johnson v. Carleton*, 2001 ME 12, ¶ 7, 765 A.2d 571, 574. When a party moves to enlarge the time to complete an act after the deadline to complete the act has passed, that party must show that the failure to act was the result of excusable neglect. *Id.*

[¶ 7] Determinations of mistake or excusable neglect are reviewable for errors of law or an abuse of discretion. *Jackson v. Borkowski*, 627 A.2d 1010, 1012 (Me.1993); *Sevigny v. City of Biddeford*, 344 A.2d 34, 38 (Me.1975). The standard for determining an excusable neglect defense is a strict one and can be met only when there are extraordinary circumstances that work an injustice. *Casco Bay Island Transit Dist. v. Pub. Util. Comm'n*, 528 A.2d 448, 451 (Me.1987); *City of Portland v. Gemini Concerts, Inc.*, 481 A.2d 180, 182 (Me.1984) (acknowledging standard of excusable neglect is a strict one). Although the standard is strict, a court does have some discretion in the enforce-

ment of procedural rules. *Air Line Pilots Ass'n v. Precision Valley Aviation, Inc.*, 26 F.3d 220, 224 (1st Cir.1994); *Jackson*, 627 A.2d at 1012–13; *Casco Bay*, 528 A.2d at 451.

[¶ 8] A mere palpable mistake by counsel or counsel's staff does not constitute excusable neglect, but attorney fees have been allowed when a motion for attorney fees was filed in the wrong court but within the specified time, and when both parties understood that an award for attorney fees would be sought. *Cheoros v. Cheoros*, 1997 ME 37, ¶ 4, 690 A.2d 974, 976; *see also Begin v. Jerry's Sunoco, Inc.*, 435 A.2d 1079, 1083 (Me.1981) (finding failure to timely file notice of appeal due to press of other business not excusable neglect).

[¶ 9] A court has some discretionary range within which to grant or deny a motion for an enlargement of time. *Solomon's Rock Trust v. Davis*, 675 A.2d 506, 509 (Me.1996) (granting extension due to extenuating circumstances of spouse's death and need for alternate counsel); *see also Findlen v. Findlen*, 1997 ME 130, ¶ 18, 695 A.2d 1216, 1221 (noting award of attorney fees within trial court discretion). Indeed, we afford rulings of a trial court considerable deference because of its superior position to evaluate the credibility and good faith of the parties before it. *Johnson v. Carleton*, 2001 ME 12, ¶ 10, 765 A.2d at 574 (recognizing trial court best positioned to evaluate circumstances of case); *Lane v. Williams*, 521 A.2d 706, 708 (Me.1987) (affirming trial court's conclu-

---

6. The City contends that the court did not have within its discretion the power to enlarge the time for Gregory to file a motion for attorney fees. We disagree.

Rule 6 does not exclude attorney fees from its reach and specifically endows courts with discretion to apply the rule. If Rule 6 was intended to require courts to apply a different standard for reviewing a motion for untimely filed motions for attorney fees, then the rules would contain such a separate provision or specifically exclude attorney fees from the reach of Rule 6. *See Lussier v. Oxford Dev. Assoc.*, 1997 ME 117, ¶ 5, 695 A.2d 1188, 1189–90.

sion that excusable neglect not demonstrated); *Porges v. Reid*, 423 A.2d 542, 544 (Me.1980) (deferring to court's discretion to deny motion to set aside default judgment).

[¶ 10] In the matter before us, the court was aware that a proven and trusted member of the law office staff suffered unexpected personal problems, that the law firm had procedures in place ordinarily sufficient to assure timely filings, that the City was well aware that attorney fees were being sought, and that the City suffered no harm or prejudice from the late filing. *Cheoros*, 1997 ME 37, ¶ 4, 690 A.2d at 976.

[¶ 11] The court's conclusion in these circumstances that the lateness of the filing resulted from excusable neglect does not amount to an error of law, and its decision to allow the late filing is within its discretion. *City of Portland*, 481 A.2d at 182.

The entry is:

Judgment affirmed.

Concurring DANA, SAUFLEY, and CALKINS, JJ.

SAUFLEY, J., with whom DANA and CALKINS, JJ., join, concurring.

[¶ 12] I concur in the result and write separately because I believe that the time has come to address directly the perceived harsh result and consequent overreading of the *Lane* decision. *Lane v. Williams*, 521 A.2d 706 (Me.1987).

[¶ 13] In that case, an attorney left his office for a vacation, leaving a trusted secretary in charge of filing a notice of appeal in a pending matter. Unfortunately, on the very next business day, his secretary suffered a death in her family and was temporarily unable to attend to the important business of the firm. The secretary did not return to work until four days after the appeal period expired.

[¶ 14] The trial court, exercising the discretion allowed it in these matters, declined to allow the extension. We affirmed that decision because we concluded that counsel had several alternative methods of assuring that the appeal was filed on time and failed to take advantage of those options. *Id.* at 708. Most importantly, we noted that counsel had three weeks prior to going on vacation in which to file the appeal, and could have referred the matter directly to another attorney in his office to assure that the appeal was filed while he was gone. *Id.*

[¶ 15] Notwithstanding our explanation, I believe that our opinion in *Lane* has come to be understood for the proposition that even a personal tragedy is insufficient to constitute excusable neglect. Since we issued the opinion in 1987, many have viewed it as setting the parameters of circumstances within which a party's error may be seen as excusable. Not surprisingly, it is often argued that if a personal tragedy did not excuse a brief delay in filing, very few other events could do so.

[¶ 16] Contrary to such arguments, however, our opinion in *Lane* should not be understood to require such draconian results. Indeed, we have frequently affirmed a determination of excusable neglect in much less dire circumstances than the tragic death at issue in *Lane*.[7] The matter before us today is a perfect exam-

---

7. *See, e.g., Solomon's Rock Trust v. Davis*, 675 A.2d 506, 508–09 (Me.1996); *In re Amanda D.*, 549 A.2d 1133, 1134 (Me.1988); *Schmid Bros., Inc. v. Roberts*, 538 A.2d 291, 293–94 (Me.1988); *Myrick v. Cent. Maine Med. Ctr.*, 506 A.2d 1156, 1157 n. 2 (Me.1986); *Mailman v. Colonial Acres Nursing Home*, 420 A.2d 217, 219–20 (Me.1980); *Sevigny v. City of Biddeford*, 344 A.2d 34, 38 (Me.1975).

ple.  Thus, I concur in the opinion of the court.