STATE OF MAINE
CUMBERLAND, ss.



SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-00-178
TED-CUM - 4/8/2002

KATHY UMMAH,

Plaintiff

v.

ORDER FOR DISMISSAL

WESTBROOK GARDENS
LIMITED PARTNERSHIP and
SPEAR ASSET MANAGEMENT
CO., INC.,

Defendants

On March 15, 2000 the plaintiff filed a complaint alleging personal injuries incurred by her alleged to have been caused by a fall on premises owned and managed by the defendants. She asserts they were negligent in maintaining the property.

The fall giving rise to this case is alleged to have occurred on March 15, 1994; thus, this case was commenced on the last possible day before the statute of limitations would expire. 14 M.R.S.A. § 752.

The case was initiated by the filing of a complaint. M.R. Civ. P. 3(2). The rule requires that when an action is commenced by the filing of a complaint, "the return of service shall be filed with the court within 90 days after the filing of the complaint."

When no proof of service was filed with the clerk as required under Rule 3, the court dismissed the case with prejudice on August 30, 2000. In fact, no proof of

service was ever filed until after the court ordered it for the purpose of acting on plaintiff's motion for relief.

On November 21, 2001 the clerk received a motion from plaintiff's counsel requesting that the court vacate the dismissal and extend the time to serve the complaint and file proof of service.

Plaintiff's motion does not recite a particular rule under which relief can be granted; therefore the court treats this motion as being brought pursuant to M.R. Civ. P. 60(b).

> "On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment [or] order . . . for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect . . . (3) fraud . . . misrepresentation, or other conduct of an adverse party . . . or (6) any other reason justifying relief from the operation of judgment . . ."

The rule requires that the motion be brought 'within a reasonable time" or for reasons of excusable neglect or fraud that it be brought "not more than one year after the judgment, order, or proceeding was entered or taken." *Id.*

Plaintiff's counsel alleges that the failure to timely file the proof of service upon the defendants was due to excusable neglect based upon the failure of an office employee to follow correct procedure and her misconduct in covering up the failure to secure service.

The case had been dismissed for more than 14 months before counsel brought the motion for relief which is substantially outside the time limit for excusable

2

neglect, fraud, misrepresentation or misconduct and is not a "reasonable time" for other reasons.

Notwithstanding the failure to file proof of service, the plaintiff has failed to allege or show any effort that any attempt has ever been made to serve the defendants, even after the problem was discovered or that the defendants had ever been notified of the existence or circumstances of plaintiff's claim. Affidavits submitted in support of the motion fail to show sufficient involvement of counsel to be aware of the circumstances of the case.

As to any claim that the failure to file proof of service is based on the misrepresentation or misconduct of counsel's employee, relief for this reason is available only when the conduct is attributable to an adverse party. An employee of plaintiff's counsel cannot be an adverse party even if she acted to the detriment of plaintiff and counsel.

Even though the Law Court has softened the harsh stand it took in *Lane v. Williams*, 521 A.2d 706 (Me. 1987), see *Gregory v. City of Calais*, 2001 ME 82, 771 A.2d 383, this case is far more egregious than either of those situations. The complaint was signed by plaintiff's counsel on March 14, 2000, only one day before the expiration of the statute of limitations. Counsel had to be aware that he was under severe time constraints. While office personnel may be relied upon to perform certain tasks, counsel cannot completed abrogate his responsibility and not attend to the matters of the case for more than twenty months. During this period of time there is nothing in the record to indicate that plaintiff's counsel had any on-going

contact with his client or, as the attorney responsible for the case, did anything to pursue a default, initiate discovery or make any claim against defendants that might lead to negotiations for settlement. In fact, had timely service been made upon the defendants, their answers would have been filed by mid-July, discovery would have been completed by March, 2001 under M.R.Civ.P. 16(a), and considering the current status of the trial docket in Cumberland County, it is highly likely that the whole case would have been concluded by settlement or judgment several months before plaintiff's counsel even filed the present request for relief.

Defendant Westbrook Gardens claims that important evidence is not available because its key witness is deceased. The substantial delay in this case can only enure to the prejudice of the defendants.

Plaintiff has failed to show any good cause or legal basis for the granting of relief.

The entry will be:

Motion to Vacate Dismissal is DENIED.

So Ordered.

Dated: April 8, 2002

Thomas E. Delahanty II
Justice, Superior Court

4

Date Filed _03-15-00_     CUMBERLAND _____     Docket No. CV-00-178 _____
                                  County

Action _____ PERSONAL INJURY _____

KATHY UMMAH                          WESTBROOK GARDENS LIMITED PARTNERSHIP
                                      SPEAR ASSET MANAGEMENT CO., INC.

                                   vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| JAMES J. MACADAM ESQ   725-5581<br>~~PO BOX 5000, TOPSHAM ME 04086~~<br>208 FORE STREET<br>PORTLAND ME 04101 | ELIZABETH STOUDER ESQ.<br>PO BOX 9545   (SPEAR)<br>PORTLAND ME 04112   (Westbrook) |

| Date of Entry | |
|---|---|
| 2000<br>March 16 | Received 03/15/00:<br>Complaint Summary Sheet filed. |
| "    " | Complaint filed. |
| Aug. 30 | On 8-30-00.<br>Pursuant to Rule 3 case dismissed with prejudice. (Delahanty, Jr.) |
| Nov. 26 | Received 11/21/01:<br>Plaintiff's Motion to Vacate Dismissal of Action for Failure to Timely File Proof of Service and Motion for Extension of Time to Serve Complaint and File Proof of Service witn Incorporated Memorandum of Law with Exhibits 1, 2 and 3 filed. |
| "    " | Plaintiff's Proposed Order filed. |
| 2002<br>Jan. 11 | Received 1-11-02.<br>Order filed. (Delahanty, J.)<br>Before acting upon plaintiff's motion, the court requires that all defendants be notified and provided an opportunity to object.  The plaintiff shall serve all defendants with the complaint and summons, a copy of this order, and a copy of plaintiff's motion for relief.  Service shall be completed and returr of service made within 30 days of the date of this order.  The defendants sha respond to the motion for relief pursuant to M.R.Civ.P. 7(c) (2).  No reply memorandum pursuant to M.R.Civ.P. 7(e) shall be filed.  A hearing on the motion will be scheduled only if deemed necessary by the court.  If proof of service is not filed as required herein, the court will rule on the  motion without further pleadings or hearing. The clerk shall incorporate this order into the docket by reference pursuant to M.R.Civ.P. 79(a) So ordered. 1-11-02 copy mailed to James MacAdam Esq. |
| | NEXT PAGE |