STATE OF MAINE
PENOBSCOT, SS.

SUPERIOR COURT
CIVIL ACTION
Docket No. AP-03-1

JLn-PEN- 4/?? '??

Ronald Hewes, Sr.,
Appellee

v.

Order (Motion to Dismiss)

DONALD L. GARBRECHT
LAW LIBRARY

MAY 6 2003

FILED & ENTERED
SUPERIOR COURT

APR 22 2003

PENOBSCOT COUNTY

Town of Dexter,
Appellant

Pending before the court are the Town of Dexter's motion to dismiss the complaint and the corresponding motion of Ronald Hewes, Sr. to enlarge the time, *nunc pro tunc*, in which that complaint may be filed.

The parties do not dispute the factual predicate to their motions. On December 2, 2002, the Town's Zoning Board of Appeals held a meeting. At that meeting, the board voted unanimously to deny Hewes' appeal from the decision of the municipal code enforcement officer to issue a stop work order affecting construction on Hewes' camp. Hewes appeared at the December 2 hearing without counsel, although counsel had filed the appeal to the board. *See* R.4. The parties agree here that Hewes would be required to file a notice of appeal from that decision no later than January 16, 2003, which is 45 days after the date of the board's decision. *See* 30-A M.R.S.A. § 2691(3)(G). In fact, Hewes filed the rule 80B complaint, thereby commencing this action, on January 17, 2003. In opposing the motion to dismiss, Hewes' counsel explains that Hewes advised him (counsel) incorrectly that the board meeting was held on December 3, rather than on the true date, namely, December 2. Counsel then filed the complaint in a way that would have been timely (in fact, the last day allowed under section 2691(3)(G)) if the board had made its decision on December 3. However, because the board actually issued its decision on December 2, the complaint was filed late by one day. He notes that until the

1

Town filed the motion at bar, he was unaware that the complaint was not filed in a timely way.

Because Hewes did not seek an enlargement of time in which to file an appeal within the original appeal period, the determinative question is whether Hewes' failure to file his complaint within the statutory period was the product of excusable neglect, justifying a *post hoc* enlargement of time that would make the filing timely.[1] *See* M.R.Civ.P. 6(b)(2). On several occasions, the Law Court has held that at least in instances of a late filing of a notice of appeal, the standard of excusable neglect is substantial.[2] ". . .[N]o reason other than failure to learn of the judgment should *ordinarily* excuse a party from the requirement that the notice be timely filed." *Begin v. Jerry's Sunoco, Inc.*, 435 A.2d 1079, 1082 (Me. 1981) (emphasis in original). "Where. . .the neglect is that of the party charged to act, some extraordinary circumstance must be proven to justify excuse of such neglect." *State v. One 1977 Blue Ford Pick-Up Truck*, 447 A.2d 1226, 1231 (Me. 1982). *See also Lane v. Williams*, 521 A.2d 706, 707-08 (Me. 1987) ("The interest of litigating parties and of the public in general in the finality of

---

[1] Rule 6(b)(2) requires a party to demonstrate excusable neglect when the motion is filed after the expiration of the original filing period. On the other hand, under rule 6(b)(1), a movant must show "good cause" only when the motion to enlarge is filed within the original appeal period. Section 2691(3)(G) provides that rule 80B governs appeals from the decisions of zoning boards of appeal and also states that the 45 day appeal period "may be extended by the court upon motion for good cause shown." Although Hewes makes reference to the statutory "good cause" standard, the substance of his argument is based on excusable neglect. Indeed, the only case authority on which he relies, *Bolduc v. Town of Smithfield*, CV-89-38 (Sup. Ct., Somerset Cty.), 1989 Me. Super. Lexis 112 (Me. Sup. Ct. June 5, 1989), applied the "excusable neglect" standard found in rule 6(b)(2) in determining whether to grant a motion to enlarge the time to file a rule 80B complaint, when (as it was here) that motion had been filed after the expiration of the appeal period. *Id.* at *2-3. *Bolduc* was decided on the basis of the excusable neglect standard even though the controlling statute included the "good cause" language now found in section 2691(3)(G) when that case was filed in 1989. *See* P.L. 1987, c. 582 § 47 (amending 30 M.R.S.A. § 2411) (eff. January 9, 1988). Consequently, in light of his reliance on *Bolduc* and the substance of his presentation, Hewes' argument here must be seen to rest on a contention that excusable neglect exists to allow the late filing of his notice of appeal.

[2] One could argue that where the late filing is something other than a notice of appeal, the standard may be less exacting. *See Fitzsimmons v. Celeste*, CV-90-750 (Sup. Ct., York Cty.) 1993 Me. Super. Lexis 167, at *4 (Me. Sup. Ct. July 29, 1993).

judgments and the termination of litigation compels us to construe narrowly the excusable neglect exception to the time requirements for appeal.").[3]

This is not a case that reveals extraordinary circumstances that would justify the late filing. Hewes was simply incorrect when he told his attorney that the board issued its decision a day later than it actually had. Hewes was present at and participated in the December 2 meeting, and the record does not suggest that he was absent when the board rendered its decision. Section 2691(3)(G) provides that the appeal period begins when the board actually makes its decision. Here, however, Hewes is unable to argue that he was unaware of the municipal action until some later date. Further, well within the appeal period, there were easy ways to check on the accuracy of the date that Hewes suggested to his attorney. Therefore, Hewes' error cannot be viewed as excusable or arising out of extraordinary circumstances, and his motion to enlarge the appeal period must be denied.

Because an untimely appeal deprives the court of jurisdiction to entertain the merits of that appeal, *Lewiston v. Maine State Employees Ass'n*, 638 A.2d 739, 741 (Me. 1994), and because Hewes did not file a timely notice of appeal, the motion to dismiss must be granted.


The entry shall be:

For the foregoing reasons, the Town of Dexter's motion to dismiss is granted. The complaint is dismissed.


Dated: April 19, 2003

_____
Justice, Maine Superior Court


---

[3] *Lane* has been criticized as embodying an excessively harsh analysis. *See Gregory v. City of Calais*, 2001 ME 82, ¶¶ 12, 15, 771 A.2d 383, 387 (Saufley, C.J., concurring). However, the reasons why the holding in *Lane* might be viewed as harsh also serve to distinguish it from the case at bar, which does not involve circumstances of "personal tragedy."

Date Filed __1/17/03__ ___PENOBSCOT___ Docket No. AP-2003-1

County

Action ___APPEAL 80B___

**ASSIGNED TO JUSTICE JEFFREY L. HJELM**

| | |
|---|---|
| RONALD HEWES, SR. | TOWN OF DEXTER |

vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Rudman & Winchell<br>PO Box 1401<br>Bangor, Maine 04402-1401<br>BY: Edmond J. Bearor, Esq. | Eaton, Peabody, Bradford & Veague<br>P O BOx 460<br>Dover Foxcroft ME 04426<br>BY: Erik Stumpfel Esq. |

| Date of Entry | |
|---|---|
| 1/17/2003 | Complaint for Review of Governmental Action Pursuant to M.R.Civ.P. 80B File |
| 1/21/03 | Notice and Briefing Schedule 80B Appeal of Governmental Actions filed. Copy forwarded to Plaintiff's attorney. |
| 1/21/03 | Notice of Assigned Justice filed. Pursuant to Administrative Order, Single Justice Assignment of Civil Cases, Docket No. SJC-323, the above referenced case is specially assigned to Justice Jeffrey L Hjelm. Copy forwarded to attorney for the Plaintiff. |
| 1/29/03 | Officer's Return of Service as to Town of Dexter filed. (s.d.: 1/24/03. By: Shelley Watson, Town Clerk) |
| 1/30/03 | Entry of Appearance filed. Erik Stumpfel, Esq enters his appearance for Defendant Town of Dexter. Copy of Notice and Briefing Schedule and Notice of Assigned Justice forwarded to Attorney for Defendant. |
| 2/26/03 | Plaintiff's Brief filed. (Exhibit 1 through 5 attached) |
| 3/14/03 | Defendant Town of Dexter's Motion to Dismiss with incorporated Memorandum of Law. |
| 3/14/03 | Affidavit in support of Motion to Dismiss filed by Deft. Town of Dexter. Minutes of 12/2/02 Board of Appeals Meeting attached. |
| 3/24/03 | Plaintiff's Opposition to Defendant's Motion to Dismiss filed. |
| 3/24/03 | Plaintiff's Motion to Enlarge Time to File 80B Complaint filed. |
| 3/31/03 | Defendant's Brief Rule 80B(g) MRCivP filed. |
| 4/7/03 | Defendant's Memorandum in Opposition to Plaintiff's Motion to Enlarge Time Rule 7(c)(2), M.R.Civ.P. filed. |