STATE OF MAINE
PENOBSCOT, ss

BRANDY SPRUCE, et al
            Plaintiffs,

v.

WILLIE JACKSON,
            Defendant,
And

KEYBANK NATIONAL ASSOCIATION

        Alleged Trustee.

SUPERIOR COURT
Docket No. CV-01-128

FILED & ENTERED
SUPERIOR COURT
MAR 22 2004
PENOBSCOT COUNTY

)
)
)
)
)
)            ORDER
)
)
)
)
)
)
)
)
)

DONALD L. GARRECHT
LAW LIBRARY

APR 15 2004

The purpose of this Order is to set forth findings of fact and conclusions of law in support of this Court's February 6, 2004, Order granting the Motion of KeyBank National Association (KeyBank) to set aside the Default Judgment entered on October 31, 2003, vacating said Default Judgment, and discharging KeyBank as Trustee in this matter. This is being done pursuant to Plaintiffs' Motion for Findings of Fact and Conclusions of Law, which was granted on February 18, 2004. Both parties have, as ordered by the Court, submitted proposed findings for consideration.

After considering the original submissions of the parties and their proposed findings and conclusions, the Court finds and holds as follows:

1.      On July 12, 2001, the Court entered an Order granting Plaintiff Brandy Spruce's request for an ex parte attachment and trustee process against the property of Defendant Willie Jackson in the amount of $100,000. In the same Order, the Court also granted Ava Spruce's request, as guardian and next friend of Maria Spruce, for an ex parte attachment and trustee process against Defendant's property, also in the amount of $100,000.

2.      The case then proceeded through discovery, summary judgment and trial. The jury found for the Plaintiffs and judgment was entered against the Defendant on November 8, 2002, in favor of Brandy Spruce for compensation and punitive damages totaling $210,000, and in favor of Ava

Spruce (o/b/o Maria Spruce) for compensatory and punitive damages totaling $260,000. This judgment was affirmed by the Law Court on appeal and the mandate transferring the case from the Law Court back to the Superior Court was issued on November 12, 2003.

3.     On October 30, 2003, Plaintiff filed an Affidavit and Ex Parte Request for Default Judgment with the Superior Court.

4.     On or about the same date, the Plaintiffs also filed a Summons to Trustee, apparently served on KeyBank over two years previously, on July 19, 2001. The Court granted Plaintiffs' Request and entered Default Judgment against KeyBank in the amount of $200,000.

5.     The Court now holds that this October 31, 2003, Default Judgment was void because the Superior Court did not have jurisdiction over this matter on October 31, 2003. Jurisdiction over the matter still rested in the Law Court. *See* 4 M.R.S.A. § 57; *Erickson v. State*, 444 A.2d 345, 347-48 (Me. 1982). None of the limited circumstances in which the Superior Court has authority to act after transfer of jurisdiction to the Law Court existed in this case. *See* M.R.App.P. 3(b).

6.     Furthermore, the Default Judgment entered in this case should be set aside because this Court finds, weighing all the facts and circumstances, that the Default Judgment was the result of excusable neglect.[1] This conclusion is based on the following:

a.     KeyBank has established that it is aware of the importance of timely responses to trustee summonses and has taken considerable and reasonable steps to create a procedure for handling attachments and trustee process served on KeyBank nationally, including in the State of Maine.

b.     KeyBank's processing system successfully processed the vast majority of the 149,910 documents received in 2001, 12,259 of which were received in July, 2001, the month

---

[1] As "excusable neglect" is a more stringent standard than the "good cause" needed to set aside a Default, the Court's finding of excusable neglect supports the setting aside of both the Default Judgment and the underlying Default entered against KeyBank.

the trustee summons was apparently served on KeyBank. The error rate of KeyBank's system in 2001 was .006%.[2]

c. With respect to the particular Trustee Summons in this case, the evidence establishes that a copy of the Summons reached KeyBank's Judgment Processing Center and that an answer dated July 24, 2001, was prepared by a KeyBank employee disclosing no record of any assets belonging to the Defendant. KeyBank is unable to determine at this point what exactly happened with this particular Trustee Summons or answer. Given the course of events in the case, however, this fact should have little to no significance. The submissions and docket reveal that the Summons on Trustee was apparently served on KeyBank in July 2001. Despite the requirements in the Rules that proof of service of the trustee summons must be filed within 20 days, *see* M.R.Civ.P. 4(h); *see also* M.R.Civ.P. 5(d), Plaintiffs did not file proof of service of the Summons or seek an order adjudging KeyBank Trustee by Default or seeking a Default Judgment, until October 30, 2003. It can certainly be inferred that this more than two-year delay made it difficult for KeyBank to recreate exactly what happened to the particular Summons in this matter.

d. The Court also finds that KeyBank has a meritorious defense to being adjudged Trustee in this matter, namely the fact that it held/holds no assets of the Defendant. This fact also highlights the absolute lack of prejudice to Plaintiffs caused by KeyBank's failure to provide a response in 2001. KeyBank's actions here did not jeopardize Plaintiffs' ability to access assets of the Defendant and had KeyBank answered in a timely fashion, Plaintiffs would be in the same position they are now, having to look to the Defendant and his actual assets alone to satisfy their judgment.

---

[2] Evidence of the efficiency of this system was not presented to the court in the case of *Butler v. D-Wave Seafood*, 791 A.2d 928 (Me. 2002). Furthermore, other facts existed in *Butler* mitigating against lifting the Default in that case. For these reasons the Court holds that *Butler* is distinguishable and not controlling in the circumstances before the Court.

e.    In sum, the Court holds that the law does not require perfection, as recognized by Rules 55(c), 60(b), and the case law interpreting those rules. The existence of procedures at KeyBank to guard against technical mistakes mitigates strongly in favor of setting aside the Default Judgment here. *See, Gregory v. City of Calais*, 2001 ME 82, 771 A.2d 383; *Owens-Illinois v. T & N Limited*, 191 F.R.D. 522 (E.D. Tex. 2000); *McGarrah v. K-Mart Corp.*, 1198 WL 760275 (N.D. Tex. 1998); and *Bloom v. Metropolitan Life Insurance Co.*, 791 P.2d 784 (Mont. 1990). The miniscule error rate of KeyBank's system when considered in light of the events in this case, Plaintiffs' own procedural missteps, and the absolute lack of prejudice to Plaintiffs due to KeyBank's failure to respond in 2001 all mitigate in favor of granting the relief sought by KeyBank. For these reasons the Court sets aside the Default and the Default Judgment against KeyBank.

f.    Because the Court is setting aside the Default and Default Judgment on the basis of voidness and excusable neglect, the Court does not reach the statutory construction or constitutional arguments put forth by KeyBank. The Court will note, however, that another factor in its decision to set aside the Default Judgment is the unfairness of assessing a $200,000 penalty on an entity with no connection to the wrongdoing alleged in the underlying suit for a mere technical default, particularly when that entity actually held no assets of the Defendant. The unfairness of this situation was recognized by the Maine Legislature's recent amendment to the statute governing trustee process to prevent judgment against trustees in excess of amounts actually held. *See,* 14 M.R.S.A. §2615 (as amended by P.L. 2003, Ch. 149 §7) (effective date September 18, 2003); *see also,* Summary, Legis. Doc. 586 (121st Legis. 2003).

7.    Finally, the Court accepts KeyBank's Trustee Disclosure dated November 11, 2003, and finds that there was good cause for the failure to file an earlier Disclosure. As a result of the bank's disclosure that it holds no assets belonging to a "Willie Jackson", the Court discharges KeyBank from this matter.

4

**SO ORDERED.**

At the direction of the Court, this
Order shall be incorporated into the
docket by reference. Rule 79 (a)

Dated this 19 day of March , 2004.

_____
Justice, Superior Court
ANDREW M. MEAD

BRANDY SPRUCE   - PLAINTIFF


Attorney for: BRANDY SPRUCE
AMY FAIRCLOTH
   LLETIER & FAIRCLOTH
~3 COLUMBIA STREET
BANGOR ME 04401


AVA SPRUCE   - PLAINTIFF


Attorney for: AVA SPRUCE
AMY FAIRCLOTH
PELLETIER & FAIRCLOTH
43 COLUMBIA STREET
BANGOR ME 04401


AVA SPRUCE   - PLAINTIFF OBO


Attorney for: AVA SPRUCE
AMY FAIRCLOTH
PELLETIER & FAIRCLOTH
43 COLUMBIA STREET
BANGOR ME 04401



MARIA SPRUCE   - MINOR PLAINTIFF
Attorney for: MARIA SPRUCE
AMY FAIRCLOTH
PELLETIER & FAIRCLOTH
    COLUMBIA STREET
_ANGOR ME 04401


vs
WILLIE JACKSON   - DEFENDANT


Attorney for: WILLIE JACKSON
JEFFREY SILVERSTEIN
BILLINGS & SILVERSTEIN
6 STATE STREET, SUITE 605
PO BOX 1445
BANGOR ME 04402-1445

SUPERIOR COURT
PENOBSCOT, ss.
Docket No   BANSC-CV-2001-00128


DOCKET RECORD


Filing Document: COMPLAINT                    Minor Case Type: OTHER NEGLIGENCE
Filing Date: 07/11/2001

## Docket Events:

05/07/2002 FILING DOCUMENT - COMPLAINT FILED ON 07/11/2001

         NOTE - PRIOR ENTRIES IN MANUAL DOCKET ENTERED ON 07/11/2001

05/07/2002 ATTORNEY - RETAINED ENTERED ON 07/11/2001

05/07/2002 ATTORNEY - RETAINED ENTERED ON 07/11/2001

 /07/2002 ATTORNEY - RETAINED ENTERED ON 07/11/2001

Printed on: 01/10/2003