STATE OF MAINE STATE OF MAINE
CUMBERLAND, SS
CLERK'S OFFICE SUPERIOR COURT
CUMBERLAND, ss CIVIL ACTION
DOCKET NO. CV-06-203

2008 FEB -7 P 12: 20 REC – CuM –2/7/2007

TONYA LEVILLE,
                Plaintiff
                                        ORDER ON
v.                                      DEFENDANT'S
                                        MOTION FOR
GLORIA GRANT,                           SUMMARY JUDGMENT
                Defendant

DONALD L. GARBRECHT
LAW LIBRARY

FEB 19 2008

Before the Court is Defendant Gloria Grant's Motion for Summary Judgment on all counts of Plaintiff Tonya Leville's Complaint.

## BACKGROUND

Plaintiff Tonya Leville ("Leville") filed a Complaint with this Court on April 3, 2006 against Defendant Gloria Grant ("Grant") for injuries sustained in an April 2000 accident involving the parties. On December 29, 2006, Leville filed a Motion to Retain on Docket after she received a notice from the Court that her case would be dismissed within 30 days if no such motion was filed because she had not yet served Grant. The Court (Delahanty, J.) granted Leville's Motion on January 9, 2007, noting "Case to remain on docket until April 10, 2007 and thereafter if service has been made on defendant or until further Order of Court." Grant was served with a summons and the Complaint on March 28, 2007 and Leville filed proof of this service with the Court on April 2, 2007. At all times relevant to the pending Motion for Summary Judgment, Leville was pro se.

## DISCUSSION

Grant makes several arguments in support of her Motion for Summary Judgment, which can generally be labeled as falling within one of two categories:

jurisdictional arguments and procedural arguments. The Court will address each category in turn.

## A. Jurisdictional Arguments

Relying on the Law Court's holding that "when there has been insufficient service of process, the court never had personal jurisdiction over a defendant," *Oppenheim v. Hutchinson*, 2007 ME 73, ¶ 8, 926 A.2d 177, 180, Grant argues that the Court did not have personal jurisdiction over her until she was finally served on March 28, 2007 and, therefore, the Court's January 9, 2007 Order is void for lack of personal jurisdiction. Grant's argument is unavailing as the Court's Order was not directed at Grant, but rather to Leville, over whom the Court did have personal jurisdiction.

Similar to her personal jurisdiction argument, Grant also argues that the Court's jurisdiction over the subject matter of this case expired in April 2006 when the six-year statute of limitations had run on Leville's cause of action. However, as Grant herself notes in her brief, "[a]ny party seeking damages in negligence from a car accident must *commence* a civil action within six years from the date that action accrued" (emphasis added). *See* 14 M.R.S.A. § 752. It is undisputed that Leville filed her Complaint within the six-year statute of limitations, thus commencing her civil action. Thus, the Court rejects Grant's subject matter jurisdiction argument.

## B. Procedural Arguments

Grant argues that this Court should grant her Motion for Summary Judgment because Leville failed to timely serve her and failed to timely file a motion to extend the time for service. Grant further argues that she has been denied due process because she had no opportunity to be heard on Leville's

2

December 29, 2006 Motion to Retain on Docket. While the Court denies Grant's Motion for Summary Judgment, it does vacate the January 9, 2007 Order granting Leville's Motion to Retain on Docket, which extended the time for Leville to serve Grant. Grant has the right to be heard on this Motion and there is no dispute that she was not given the opportunity to be heard.

Grant has presented evidence to this Court to support her argument that Leville's Motion to Retain on Docket should not have been granted because Leville failed to show cause and excusable neglect for her delay in serving Grant.[1] Leville, however, has not yet responded to Grant's arguments that she did not show cause and excusable neglect (Leville only argues in the pending Motion for Summary Judgment that this Court should defer to its previous decision and sustain her Motion to Retain on Docket). Accordingly, this Court will permit both parties time to conduct discovery on the issues of cause and excusable neglect, if the parties deem such discovery necessary, and to brief this matter for the Court. The parties are to confer and submit a scheduling order setting deadlines for discovery and briefing that is to be presented to the Court for approval.

Therefore, the entry is:

> Defendant Gloria Grant's Motion for Summary Judgment is DENIED. The January 9, 2007 Order of the Superior Court

---

[1] "When a party seeks to commence a civil action by filing a complaint with the court, 'the return of service shall be filed with the court within 90 days after the filing of the complaint. If the complaint or return of service is not timely filed, the action may be dismissed on motion and notice.' The court, in its discretion, can enlarge the time for filing the return of service 'for cause shown' and 'upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.'" *Oppenheim*, 2007 ME 73, n. 2, 926 A.2d 177, 178 (internal citations omitted).

3

(Delahanty, J.) is VACATED. The parties are to confer and present a scheduling order to the Court for approval of a discovery deadline, if any, and briefing deadlines regarding Plaintiff Tonya Leville's Motion to Retain on Docket within 10 days of the entry of this Order.

The clerk shall incorporate this Order into the docket by reference pursuant to M.R. Civ. P. 79(a).

Dated at Portland, Maine this __6th__ day of __February__, 2008.

Robert E. Crowley
Justice, Superior Court

4

F COURTS
ınd County
ɹox 287
ne 04112-0287

HUMPHREY JOHNSON ESQ
LAW OFFICES OF GERARD O FOURNIER
PO BOX 7109
PORTLAND ME 04112-7109

F COURTS
and County
ɹox 287
ne 04112-0287

JAMES BEARDSLEY ESQ
343 GORHAM RD
SUITE G1-A
SOUTH PORTLAND ME 04106

STATE OF MAINE,
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-06-203
REC — CUM-8/29/2/02

TONYA L. LEVEILLE,
                  Plaintiff

ORDER ON PLAINTIFF'S
SUPPLEMENTAL
MOTION TO RETAIN ON
DOCKET

v.

GLORIA GRANT,
                  Defendant

Before the Court is the Plaintiff's Supplemental Motion to Retain on the Docket.[1]

## PROCEDURAL HISTORY

Tonya Leveille ("Leveille") filed a Complaint with the Court against Gloria Grant ("Grant") on April 3, 2006 for injuries arising out of an automobile accident that occurred on or about April 4, 2000. As of December 7, 2006, Leveille had not filed the return of service. The Court issued an Order *sua sponte*, dated December 7, 2006 ("2006 Order"), that it would dismiss Plaintiff's case within thirty days without prejudice unless she filed a motion to retain the case on the docket. On December 29, 2006, Leveille filed such a motion. On January 9, 2007, the Court (Delahanty, J.) granted the motion in an Order stating that the case would remain on the docket "until April 10, 2007 and thereafter if service has been made on defendant or until further Order of Court." ("2007 Order"). On March 28, 2007, Leveille served Grant with process. On April 2, 2007, Leveille filed proof of service with the Court. Thereafter, Grant filed a timely Answer. Following the initial discovery, Grant filed a Motion for Summary

---

[1] Within this motion, Plaintiff requests that the Court deem the following admission requests admitted: 1 through 5, 12, 14, 22, 23, 31 and 32 due to the Defendant's alleged noncompliance with M.R. Civ. P. 36(a). The objections to the enumerated admission requests do not rest on lack of information or knowledge as argued by the Plaintiff. Defendant makes Rule 26(b) objections, *inter alia*, to these admissions. In response to the admission requests the Defendant either flatly denies the admission (# 3, 4, 5, 12, 14, 22, 23, 31, 32); qualifies the admission in reliance on previously taken deposition testimony (#1); or denies the admission in reliance on previously taken deposition testimony (#2). The issue is whether these responses "fairly meet the substance of the requested admission." M.R. Civ. P. 36(a). They do. Therefore, the Court denies Plaintiff's request.

Judgment. On February 6, 2008, the Court denied that motion, vacated the 2007 Order retaining the case on the docket, and allowed discovery on the issues of cause and excusable neglect ("2008 Order"). Pursuant to the 2008 Order, Leveille filed her Supplement to Plaintiff's Motion to Retain on Docket and Grant filed an Opposition thereto.

## FACTUAL BACKGROUND

Before and after filing her Complaint, Plaintiff, with the assistance of her husband, Jesse Leveille ("Mr. Leveille"), attempted to settle this claim directly with Defendant's insurer, The Hanover Insurance Company ("Hanover"). Plaintiff did not engage the assistance of legal counsel in the pre-Complaint negotiations with Hanover. However, Plaintiff did have the informal assistance of counsel in preparing her Complaint. Leveille proceeded *pro se* in this matter until the entry of appearance of counsel on her behalf on May 11, 2007.

Plaintiff did not make any effort to personally serve Defendant with a Summons and Complaint, and thereafter file proof of such service with the Court, within 90 days from the date she filed her Complaint. *Plaintiff's Revised Responses to Defendant's Request for Admissions* ¶¶ 32-33. However, Plaintiff did inform Defendant's insurer that she had filed a Complaint. *Id.* At the time of the filing of the Complaint, Plaintiff knew Defendant's address as evidenced by her completion of the associated Summary Sheet. Despite having knowledge that Plaintiff's Complaint was pending in Court, Defendant's insurer chose to make no effort to responsively plead to the pending Complaint.

After the filing of the Complaint, Plaintiff continued to deal with Hanover representatives. In August of 2006, a Hanover agent advised Plaintiff's husband that it could not settle the case because the statute of limitations had in fact run on Leveille's

2

claim. At that point, Plaintiff believed that there was nothing else that could be done to further prosecute her claim. Plaintiff did not take further action until she received the 2006 Order. Thereafter, Plaintiff timely responded to the 2006 Order. Plaintiff has no legal training and was unaware of service of process requirements at the time she filed her Complaint.

## DISCUSSION

The 2008 Order vacated the 2007 Order. In essence, Plaintiff's Supplemental Motion to Retain on Docket is a "do-over" of her previously filed motion. Therefore, the sole issue before the Court is whether the Plaintiff has met her burden for seeking an enlargement of time for service of process.[2]

When a party commences an action by filing a complaint with the court "the return of service shall be filed with the court within 90 days after the filing of the complaint." M.R. Civ. P. 3. Time for service may be enlarged after the expiration of the 90 days "upon motion . . . where the failure to act was the result of excusable neglect." M.R. Civ. P. 6(b). Notably, a party is subject to a higher burden of proof if its motion to enlarge time is filed after the specified time period has lapsed. *See* M.R. Civ. P. 6(b); MSBA Practice Series Maine Rules of Civil Procedure 80 (Hon. Donald G. Alexander et al. eds., 2008) (distinguishing between "good cause" and "excusable neglect" and noting that excusable neglect is a stricter standard).

Excusable neglect is an equitable determination by the Court. In Maine, the strict standard of excusable neglect "can be met only when there are extraordinary circumstances that work an injustice." *Gregory v. City of Calais*, 2001 ME 82, ¶ 7, 771 A.2d 383, 386. On the one hand, "[a] mere palpable mistake by counsel or counsel's

[2] Plaintiff's discussion of the "Law of the Case" and her reliance on the corresponding case law is misplaced. The Court changed the law of this case when it vacated the 2007 Order. As such, Leveille's plea not to disturb the "Law of the Case" is inapposite.

3

staff does not constitute excusable neglect." *Id.* ¶ 8, 771 A.2d at 386. On the other hand, the court may find excusable neglect if there is no prejudice to the opposing party and if there are extenuating circumstances. *Dyer Goodall and Federle, LLC v. Proctor*, 2007 ME 145, ¶ 18; 935 A.2d 1123, 1127 (*citing Solomon's Rock Trust v. Davis*, 675 A.2d 506, 509 (Me. 1996). This analysis is viewed in light of the fact that "self-represented parties are subject to the same standards as represented parties, particularly in areas so fundamental as service of process." *Brown v. Thaler*, 2005 ME 75, ¶ 8, 880 A.2d 1113, 1116.

The federal courts look at a variety of factors in considering whether a party has shown excusable neglect.[3] These factors include:

- The danger of prejudice to the opposing party
- The length of the delay and its potential impact on judicial proceedings
- The reason for the delay, including whether it was within the reasonable control of the moving party; and
- Whether the moving party acted in good faith.

1 James Wm. Moore, Moore's Federal Practice § 6.06[3][b] (3rd ed. 2007). Mistake or ignorance of a rule generally does not rise to the level of excusable neglect, nor does a busy schedule, lack of diligence, inadvertence, or other manifestations of carelessness and laxity. *Id.* § 6.06[3[c]; *See also* MSBA Practice Series Maine Rules of Civil Procedure, *supra*, at 81 (stating that "failure to consult or to abide by an unambiguous court rule, or mistakes construing such rules normally does not constitute 'excusable neglect'").

In order to succeed in her effort to retain this action on the Court's docket, Plaintiff must show extraordinary circumstances that work an injustice. It is undisputed that Plaintiff did not serve Defendant with service of process within the time set forth in M.R. Civ. P. 3. Leveille originally stated two reasons for the delay: (1)

---

[3] The MSBA Practice Series Maine Rules of Civil Procedure, *supra*, at 80 cites several federal cases with approval and notes that the federal standard is comparable to the Maine standard.

she relied on representations by an agent at Hanover that the statute of limitations had run on her claim; and (2) she was unaware of the existence and time sensitive nature of service of process. *Plaintiff's Motion to Retain on Docket.* Plaintiff's Supplemental Motion provides more detail to the surrounding circumstances but does not cite any additional reasons for the noncompliance with Rule 3 requirements. Rather, the Plaintiff continues to assert that her failure to properly serve the Defendant was reasonable given her interactions with the Defendant's insurer and her ignorance of the court rules.[4]

## Danger of Prejudice

Despite the Plaintiff's knowledge of Grant's address at the time of the filing of the Complaint, Plaintiff did not serve the Summons and Complaint on Grant until nearly seven years after the accident. Grant was born on December 12, 1925. *Affidavit of Defendant Gloria Grant* ¶ 2. She is currently 82 years old. *See id.* ¶ 3. Grant's recollection of the 2000 automobile accident is poor due to her age and due to the stress of caring for her failing (and now deceased) husband. *Id.* ¶ 7-8. However, Grant had a better memory of the accident two or three years earlier.[5] *Id.* Grant's failing memory likely puts her in a worse position than she would have been had Leveille promptly served her within the 90-day period.

## Length of Delay

The length of Leveille's delay in taking any *judicial* action, some 248 days after she filed her Complaint, alone raises an inference of her failure to prosecute. During

---

[4] The parties disagree on Leveille's level of knowledge of litigation. In essence, Grant argues that Leveille 'should have known' that she would have to follow up her Complaint with service of process because of her association with a local attorney and her prior involvement in a personal injury claim. Irrespective of these facts, all litigants are deemed to have a basic understanding of such procedures and are equally bound by them. *See Dyer Goodall and Federle*, 2007 ME 145, ¶ 18, 935 A.2d at 1127.

[5] The danger of prejudice is considered within the context of the delay of service rather than the delay from the date of the accident.

this time, Leveille made no effort to personally serve Grant, and she made no other efforts to prosecute her action. It was only after the Court issued the 2006 Order that Leveille attempted to serve Grant.

*Reason for Delay*

Leveille argues that she did not neglect her claim because she was dealing with Hanover in the time between filing her Complaint and the 2006 Order. Before the Court issued the 2006 Order, Leveille and her husband dealt extensively with Hanover. They discussed how to proceed with the claim (*Rolfe Dep.* 11:24-12:16); created a plan for gathering all medical bills so that Leveille would be fully compensated (*Leveille Aff.* ¶ 9, *Rolfe Dep.* 13:1-8); and they discussed the looming statute of limitations deadline (*Leveille Dep.* 58:11-16, *Rolfe Dep.* 14:9-17). Additionally, sometime after July 25, 2006 Mr. Leveille emailed a copy of the Complaint to Nichole Estes, a Hanover agent. *Estes Dep.* 32:10-13. Notably, this occurred after the 90-day service of process deadline. *Id.*

There is a dispute regarding Hanover's role in Leveille's decision not to retain counsel in this matter. Katherine Rolfe, a Hanover agent, informed Mr. Leveille he "really should consider getting a lawyer and that they should file suit and protect the statute of limitations." *Rolfe Dep.* 14: 15-17, *See also* 23:23-24:10 (discussing another conversation between Rolfe and Mr. Leveille where Mr. Leveille reiterated his decision to not retain counsel). Rolfe had the impression that Mr. Leveille "[k]new about filing a lawsuit" after he explained his wife's prior employment at a law office. *Rolfe Dep.* 14:23-15:5. Later, Mr. Leveille told Rolfe that he received a 90-day extension for the statute of limitations. *Rolfe Dep.* 17:7-13. Rolfe testified that she was not aware of any "extension" procedure, but she continued settlement negotiations on the belief that Mr. Leveille would supply her with the appropriate documentation of the "extension." *Rolfe Dep.* 17:7-13; 22:17-21.

6

Leveille's affidavit conflicts with Rolfe's testimony.[6] However, most, if not all, of the testimony in Plaintiff's affidavit regarding the retention of counsel is inadmissible hearsay. The record contains no affidavit, deposition, or other testimony from Mr. Leveille. Without such admissible evidence, Leveille's affidavit is insufficient to demonstrate that she reasonably relied on anything Rolfe said in electing not to seek assistance from counsel.

The admissible evidence does not support Plaintiff's contention that Hanover discouraged the Leveille from retaining counsel. Moreover, negotiations with insurers, before and after filing a Complaint, are common practice. Therefore, the Leveilles' dealings with Hanover are not an extraordinary circumstance warranting a finding of excusable neglect.

*Good Faith*

There is no dispute that the Plaintiff acted in good faith. But, this is not a case of failed attempts at service; errors by the process server; or a *de minimis* delay in service. In this case, Plaintiff simply did not follow up the Complaint with service. As such, the facts and circumstances do not dictate a finding of excusable neglect.

The danger of prejudice to Grant in having to defend a stale claim is not outweighed by ignorance of court rules by Leveille. Accordingly, Leveille has not met the strict standard for excusable neglect.

---

[6] ". . . we discussed that it probably did not make sense to get a lawyer involved because all we wanted to do was settle the case simply and fairly for the amount of the medical bills. My husband remembers talking with the adjuster about not getting a lawyer involved." *Leveille Aff.* ¶ 7.
"The adjuster told me that I needed to file paperwork with the Court in order to get 'an extension.' *She* referred to this process as getting 'an extension.' The adjuster made it sound like this was an extension of the amount of time we had to settle the case with the insurance company." *Leveille Aff.* ¶ 8 (emphasis added).
*See also Leveille Dep.* 57:25-58:5 (stating that the notion of an "extension" came from a Hanover agent).

7

Plaintiff argues, in the alternative, for dismissal without prejudice. However, a dismissal without prejudice would likewise leave the Plaintiff without any relief. *See* 14 M.R.S.A. § 855 (2008); *Oppenheim v. Hutchinson*, 2007 ME 73, ¶ 9, 926 A.2d 177, 180-81 (holding that a dismissal of a complaint for failure to serve defendant and timely file return of service was not attributable to a "matter of form" within the meaning of the saving statute).

Therefore, the entry is:

> Plaintiff's Motion to Retain on Docket is DENIED and the case is DISMISSED with prejudice.

Dated at Portland, Maine this _25th_ day of _August_, 2008.

Robert E. Crowley
Justice, Superior Court

ERK OF COURTS
P.O. BOX 287
ND, MAINE 04112-0287

JAMES BEARDSLEY ESQ
343 GORHAM RD
SUITE G1-A
SOUTH PORTLAND ME 04106

OF COURTS
BOX 287 ·
MAINE 04112-0287

HUMPHREY JOHNSON ESQ
LAW OFFICE OF GERARD O FOURNIER
PO BOX 7109
PORTLAND ME 04112-7109