STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-23-010

JAMES CROTTY and CHERYL CROTTY,

Plaintiffs,

v.

TOWN OF NAPLES and
FRANK E. SILVER III,

Defendants,

**ORDER ON PENDING MOTIONS**

Plaintiffs-Zachary Brandwein, Esq.
Defendant Town of Naples-Amy Tchao, Esq.
Frank Silver III-PII-Pro Se

Before the Court are three pending motions: Defendant Silver's Motion to Dismiss, Plaintiffs' Motion for Good Cause, and an uncontested Motion to Withdraw by Plaintiffs' counsel. For the following reasons, the Court grants the Motion to Dismiss, denies the Motion for Good Cause, and grants the Motion to Withdraw.

**Background**

The following facts are alleged in Plaintiffs' Complaint:

Plaintiffs James and Cheryl Crotty ("Crottys") filed this Rule 80B Petition for Review concerning a setback request by Defendant Frank Silver on his property at 142 East Shore Beach Road in Naples, Maine ("Property"). Pursuant to the granting of the setback request, Silver plans to place or has placed a new trailer on the Property less than twenty feet from the boundary with the Crottys' abutting property.

On June 22, 2022, Silver made his first setback request for ten feet. After receiving notice from the Town of Naples ("Town") code enforcement officer ("CEO"), the Crottys timely objected to Silver's request and suggested a 13.5-foot setback reduction. The CEO denied Silver's request in October 2022. Silver made a second request for 12 feet, of which the Crottys received notice

1

REC'D CUMB CLERKS OFC
JUL 28 '23 PM12:01

and to which they objected, suggesting 13.5 feet through a revised setback request. Unbeknownst to the Crottys, the CEO denied Silver's second request and an appeal was filed with the Town Board of Appeals ("Board"). The Board approved the 12-foot setback request. The Board acknowledged the Crottys' written objection but did not hear the Crottys argue in opposition because the Crottys did not receive notice of the meeting. Only after reaching out to the CEO on February 16, 2023 did they learn about the Board's hearing and decision.

The Crottys filed their appeal in this Court on February 21, 2023 and seek a good cause exception to the appeals deadline based on their lack of notice. On March 23, Silver moved to dismiss the Petition based on the appeals deadline and his assertions that the Crottys did have notice of the Board hearing. The Town has joined in that motion to the extent it argues that the Crottys had public and constructive knowledge of the Board hearing. On April 3, 2023, the Crottys filed a Motion for Good Cause, which both Defendants have opposed. Attorney Methot moved to withdraw on April 18, 2023. On April 26, 2023, the Court issued a consent order staying the briefing schedule during its consideration of the pending motions.

The Court now issues its decisions on the three pending motions.

**Discussion**

First, the Court grants the Motion to Withdraw by Attorney Methot, who represents the Crottys in this matter. An attorney from the same firm entered an appearance on their behalf on April 3, 2023.

Next, the Court considers whether it should extend the 45-day appeals deadline under these circumstances "for good cause shown." 30-A M.R.S. § 2691(3)(G). The parties dispute whether good cause in these circumstances refers to an equitable "good cause" exception or to an excusable neglect standard. *Compare Keating v. Zoning Bd. of App.*, 325 A.2d 521 (Me. 1974), *with* M.R.

2

Civ. P. 6(b), *and Caron v. City of Auburn*, 567 A.2d 66, 67 (Me. 1989). The Crottys cite *Beckford v. Town of Clifton*, 2014 ME 156, ¶ 22, 107 A.3d 1124, to support their argument that the Court should apply the standard from *Keating* and its successors. However, *Beckford* does not support their claim that the Court should consider the equitable good cause standard but only states that the petitioners could have moved for an extension "for good cause shown." 2014 ME 156, ¶ 22, 107 A.3d 1124 (quoting 30-A M.R.S.A. § 2691(3)(G)). The statutory language allowing extension for good cause existed in its current form in the precursor to 30-A M.R.S. § 2691, which the Law Court applied in *Caron*. 567 A.2d at 67 (quoting 30 M.R.S. § 2411(3)(F) (Supp. 1988)). Considering the arguments and precedent presented by both parties, the Court concludes the excusable neglect standard governs. Regardless, the standards are similar. *Compare Dyer Goodall & Federle, LLC v. Proctor*, 2007 ME 145, ¶ 18, 935 A.2d 1123 (citing *Gregory v. City of Calais*, 2001 ME 82, ¶ 7, 771 A.2d 383) (excusable neglect found "where there are extraordinary circumstances that work an injustice"), *with Keating*, 325 A.2d at 524 (good cause found where "special circumstances" result in a "flagrant miscarriage of justice"). The result in this case is the same under either standard.

The Town argues that a party must show good cause through a hearing, but its citation in support of that argument is only an example of testimony having been provided in support of excusable neglect during a hearing on the late motion. *See Gregory*, 2001 ME 82, ¶¶ 3-4, 771 A.2d 383. The Crottys cite to the record as support for their argument for good cause. The Court is not aware of any requirement for testimony and accepts the record citations as proper.

The Court next considers whether the petitioners had notice of the hearing. The Crottys argue that they did not have actual notice of the Board hearing until they reached out to the CEO to ask whether the application had been resolved. The Town contends that it gave the Crottys

3

public and constructive notice of the hearing when it published the agenda for the November 29, 2022 Board hearing in *The Bridgton News*, a local newspaper, on November 17 and 24 and recorded the Board's decision in the Registry of Deeds. Defendant Silver argues that the ordinance and the application put the Crottys on notice that the request would be heard at the next Board hearing. R. 45, 64. The Crottys filed no reply addressing why they should not be charged with constructive notice based on the application, ordinance, and publication. The Court determines the Crottys had constructive notice of the Board hearing before it occurred.

The Crottys also argue that good cause exists because the Town violated its own ordinance when it failed to make any findings regarding the "undue hardship" standard. The accompanying record citations do not point to an undue hardship standard, and the Crottys have not provided enough information for the Court to determine that the Town did violate its ordinance. On its own, the Crottys' swift appeal after they allege to have received actual notice of the Board's decision does not show good cause. Based on the arguments before it, the Court cannot find good cause shown under 30-A M.R.S. § 2691(3)(G). Accordingly, the Court denies the Motion for Good Cause and grants the Motion to Dismiss based on the untimeliness of the Crotty's Petition.

The entry is

Defendant Frank Silver's Motion to Dismiss is GRANTED.
Plaintiffs James and Cheryl Crotty's Motion for Good Cause is DENIED.
Attorney Methot's Motion to Withdraw is GRANTED.
Plaintiffs James and Cheryl Crotty's Rule 80B Petition for Review is DISMISSED with prejudice.

Date: July 28, 2023

Deborah P. Cashman
Justice, Maine Superior Court

Entered on the Docket: 07/31/2023

4